**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARK COLWELL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OAK STREET HEALTH, INC., DA YID A. GILJOHANN, and BRIAN C. BOCK, <br><br> Defendants. | Case No. 1:21-cv-06637 <br><br> Judge John F. Kness <br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF REGINALD T. ALLISON
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Plaintiff Reginald T. Allison ("Allison") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Allison as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Allison's selection of Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.     PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Oak Street Health, Inc. ("Oak Street" or the "Company") securities between August 6 2020, and November 8, 2021, inclusive (the "Class Period").

The "PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Allison is the "most adequate plaintiff" as defined by the PSLRA.

Allison believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Allison satisfies the relevant requirements of Rule 23, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Allison respectfully submits that

he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Allison's selection of Glancy Prongay & Murray LLP as lead counsel and Miller Law LLC as Liaison Counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND

Oak Street operates primary care centers within the United States and claims that it "engages Medicare eligible patients through the use of an innovative community outreach approach." The Company claims it contracts with health plans to generate medical costs savings and realize a return on its investment in primary care.

On November 8, 2021, Oak Street disclosed that on November 1, 2021 the Company received a civil investigative demand ("CID") from the United States Department of Justice ("DOJ") claiming that the DOJ was is investigating whether the Company violated the False Claims Act. The CID also requested documents and information related to the Oak Street's relationships with "third-party marketing agents" and Oak Street's "provision of free transportation to federal health care beneficiaries." On this news, the Company's share price fell $9.75, or more than 20%, to close at $37.14 per share on November 9, 2021, on unusually heavy trading volume.

The complaint filed in this action alleges that the Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects, including: (1) that Oak Street maintained relationships with third-party marketing agents likely to provoke law enforcement scrutiny; (2) that Oak Street was providing free transportation to federal health care beneficiaries in a manner that would provoke

law enforcement scrutiny; (3) that these activities may be violations of the False Claims Act; (4) that, as such, Oak Street was at heightened risk of investigation by the DOJ and/or other federal law enforcement agencies; (5) that, as a result, Oak Street was subject to adverse impacts related to defense and settlement costs and diversion of management resources; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Allison and other members of the class have suffered significant losses and damages.

## III. ARGUMENT

### A. Allison Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

3

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Allison satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Allison has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Allison is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Allison respectfully submits that he should be appointed lead plaintiff. *See In re Boeing Co. Aircraft Sec. Litig.*, No. 19 Civ. 2394, 2019 WL 6052399, at *2 (N.D. Ill. Nov. 15, 2019); *see also Maiden v. Merge Techs., Inc.*, No. 06 Civ. 349, 2006 WL 3404777, at *4 (E.D. Wis. Nov. 21, 2006) ("Because it has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23, [movant] is presumptively entitled to lead plaintiff status.").

### 1.     Allison Filed a Complaint and a Timely Motion

Allison filed the complaint in this action. *See* Dkt. No. 1. Allison has also hereby made a timely motion in response to a PSLRA early notice. On January 11, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, Allison published notice in connection with this action. *See* Motion, Ex. A. Therefore, Allison had sixty days (until March 14, 2022) to file a motion to be appointed as lead plaintiff. As a purchaser of Oak Street securities during the Class Period, Allison is a member of the proposed class and has timely filed a motion for appointment as lead

plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his certification, Allison attests that he has reviewed the complaint, and is willing to serve as a representative of the class. *See* Dkt. No 1 at 29-30. Accordingly Allison satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Allison Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Allison believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Allison purchased Oak Street securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Motion, Ex. B. To the best of his knowledge, Allison is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Allison believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Allison Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a)

generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

At this stage of the litigation, however, a movant need only make a "preliminary showing" that he satisfies the typicality and adequacy requirements of Rule 23. *See Chandler v. Ulta Beauty, Inc.*, No. 18 Civ. 1577, 2018 WL 3141763, at *5 (N.D. Ill. June 26, 2018); *In re Groupon Sec. Litig.*, No. 12 Civ. 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) (only a "preliminary showing" of typicality and adequacy is required).

### a)      Allison's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a representative plaintiff's claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Cap, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *accord Ulta Beauty*, 2018 WL 3141763, at *5.

Allison's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Allison alleges that Defendants' material misstatements and omissions concerning Oak Street's business, operations, and financial prospects violated the federal securities laws. Allison, like all members of the class, purchased Oak Street securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Allison's interests and claims are "typical" of the interests and claims of the class.

**b)      Allison Is an Adequate Representative**

The adequacy requirement is satisfied where the representative plaintiff does not have any conflicts of interest with other class members and the plaintiff and his counsel will vigorously prosecute the case. *See Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005).

Allison has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action. Allison is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Allison is adequate to represent the class.

**B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Allison has selected Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel. The firms have successfully prosecuted numerous class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Motion, Exhibits. C and D, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Allison's selection of counsel.

**IV.      CONCLUSION**

For the foregoing reasons, Allison respectfully requests that the Court grant his Motion and enter an Order (1) appointing Allison as Lead Plaintiff; (2) approving Allison's selection of Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Dated: March 14, 2022

Respectfully submitted,

By: s/ *Marvin A. Miller*
Marvin A. Miller
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
mmiller@millerlawllc.com

*Counsel for Reginald T. Allison and Proposed Liaison Counsel for the Class*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Reginald T. Allison and Proposed Lead Counsel for the Class*

8

## CERTIFICATE OF SERVICE

I, Marvin A. Miller, hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF system on March 14, 2022, which constitutes service on counsel of record who are registered electronic filing users.

/s/ *Marvin A. Miller*