UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD T. ALLISON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> OAK STREET HEALTH, INC., et al., <br><br> Defendants. | Case No. 1:22-cv-00149 <br><br> <u>CLASS ACTION</u> <br><br> Judge Matthew F. Kennelly |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

4861-3684-5844.v1

## I.    INTRODUCTION

This securities class action lawsuit was filed on January 10, 2022 on behalf of purchasers or acquirers of Oak Street Health, Inc. ("Oak Street" or the "Company") securities between August 6, 2020 and November 8, 2021, inclusive (the "Class Period"), against Oak Street and certain of its top executives for violations of the Securities Exchange Act of 1934 (the "1934 Act").  The Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that, in securities actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Boston Retirement System (collectively, the "Northeast Pension Funds") should be appointed lead plaintiff because they filed a timely motion, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Northeast Pension Funds' selection of Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP to serve as lead counsel is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Based in Chicago, Illinois, Oak Street operates primary care centers within the United States.  Oak Street claims that it "engages Medicare eligible patients through the use of an innovative community outreach approach."  ECF No. 1 at ¶2.

The complaint alleges that throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) Oak Street maintained relationships with third-party marketing agents likely to provoke law enforcement scrutiny; (ii) Oak Street was providing

- 1 -

4861-3684-5844.v1

free transportation to federal health care beneficiaries in a manner that would provoke law enforcement scrutiny; (iii) these activities may be violations of the False Claims Act; (iv) as such, Oak Street was at heightened risk of investigation by the U.S. Department of Justice ("DOJ") and/or other federal law enforcement agencies; (v) as a result, Oak Street was subject to adverse impacts related to defense and settlement costs and diversion of management resources; and (vi) consequently, defendants' positive statements about Oak Street's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On November 8, 2021, Oak Street disclosed that it received on November 1, 2021 a civil investigative demand ("CID") from the DOJ. According to the CID, the DOJ was investigating whether Oak Street violated the False Claims Act. The CID also requested documents and information related to Oak Street's relationships with "third-party marketing agents" and Oak Street's "provision of free transportation to federal health care beneficiaries." ECF No. 1 at ¶32. On this news, Oak Street's share price fell by more than 20%.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of Oak Street's securities, the Northeast Pension Funds and other class members have suffered significant losses and damages.

## III.     ARGUMENT

### A.      The Northeast Pension Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60

- 2 -

days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on January 11, 2022 via *Business Wire*. Motion, Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Northeast Pension Funds meet these requirements and should therefore be appointed Lead Plaintiff.

### 1.     The Northeast Pension Funds' Motion Is Timely

The January 11th statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by March 12, 2022. *See* Motion, Ex. A; 15 U.S.C. §78u-4(a)(3)(A). March 12th was a Saturday. Pursuant to Rule 6(a)(1)(C), when a due date falls on a weekend, the deadline "continues to run until the end of the next day that is not a [weekend]," which is Monday, March 14, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C). Because the Northeast Pension Funds' motion was timely filed by March 14th, they are eligible for appointment as lead plaintiff.

### 2.     The Northeast Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and the accompanying loss chart, the Northeast Pension Funds have a significant financial interest stemming from the purchase of 85,280 shares of Oak Street during the Class Period, resulting in approximately $1.8 million in losses as a result of

- 3 -

4861-3684-5844.v1

defendants' alleged misconduct. *See* Motion, Exs. B, C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Northeast Pension Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Northeast Pension Funds Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Only two of the Rule 23 requirements pertain to the lead plaintiff motion: typicality and adequacy. *Mortimer v. Diplomat Pharmacy Inc.*, 2019 WL 3252221, at *4 (N.D. Ill. July 19, 2019). "'[A] plaintiff's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."'" *Id.* (citation omitted). "'A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.'" *Id.* (citation omitted).

Here, the Northeast Pension Funds' claims are typical of – if not identical to – the claims of the class as a whole. Like the purported class members, the Northeast Pension Funds: (1) purchased Oak Street securities during the Class Period; (2) were adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby. In other words, the Northeast Pension Funds' claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members. The Northeast Pension Funds' substantial stake in

- 4 -

4861-3684-5844.v1

the outcome of the case indicates that they have the requisite incentive to vigorously represent the class's claims. The Northeast Pension Funds are not aware of any conflicts between their claims and those asserted on behalf of the putative class and are not subject to any unique defenses.

Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 manage over $2 billion in assets, which provide benefits to Teamsters members throughout Pennsylvania. Boston Retirement System is a defined benefit pension plan that provides retirement benefits to employees (and their beneficiaries) of the City of Boston, Boston Planning & Development Agency, Boston Housing Authority, Boston Public Health Commission, and Boston Water & Sewer Commission. As of December 31, 2020, Boston Retirement System managed over $6 billion in assets for over 34,000 members and beneficiaries. Accordingly, the Northeast Pension Funds are the paradigmatic lead plaintiff under the PSLRA because its members are sophisticated institutional investors with a substantial financial interest in the resolution of the Action. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685; *see also In re Neopharm, Inc. Sec. Litig.*, 225 F.R.D. 563, 567 (N.D. Ill. 2004) ("Congress 'anticipated and intended' large institutional investors to oversee securities cases.") (citation omitted); *Sokolow v. LJM Funds Mgmt., Ltd.*, 2018 WL 3141814, at *5 (N.D. Ill. June 26, 2018) (finding that the PSLRA indicates a "'presumption that institutional investors be appointed lead plaintiff'") (citation omitted).

Further, each member of the Northeast Pension Funds has significant experience serving in a fiduciary capacity and supervising the work of outside counsel. As set forth in greater detail in the Joint Declaration submitted herewith (*see* Motion, Ex. D), the Northeast Pension Funds fully understand the obligations of a lead plaintiff to absent class members under the PSLRA, and are willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous

- 5 -

and efficient prosecution. The Northeast Pension Funds' collaboration in this litigation follows from their roles as fiduciaries to their respective members and their shared goals and interests in protecting and maximizing pension fund assets. Moreover, prior to seeking a role as lead plaintiff, representatives from the Northeast Pension Funds held a conference call to discuss, among other things, the merits of the claims, as well as their common goals and strategy for the joint prosecution of this Action. *See* Motion, Ex. D at ¶¶ 5-6. Thus, the Northeast Pension Funds have the incentive and commitment to vigorously prosecute this Action in a cohesive and coordinated fashion, and the ability to supervise and monitor counsel.

Finally, as further detailed below, the Northeast Pension Funds retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class.

Because the Northeast Pension Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### B.   The Court Should Approve the Northeast Pension Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, the Northeast Pension Funds have selected Robbins Geller and Labaton Sucharow to serve as lead counsel for the proposed class.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.[1] Courts in this District and throughout the nation have noted Robbins

---

[1]   For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

- 6 -

4861-3684-5844.v1

Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations. *See, e.g.*, *In re GoHealth, Inc. Sec. Litig.*, No. 1:20-cv-05593, ECF No. 61 (N.D. Ill. Dec. 10, 2020) (Coleman, J.) (appointing Robbins Geller attorneys as lead counsel in securities class action case); *Mortimer*, 2019 WL 3252221, at \*2 (same). For example, in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller, as sole lead counsel, obtained a record-breaking settlement of $1.575 billion after 14 years of litigation, including a 6-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class. The settlement is the largest ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit, and the seventh-largest settlement ever in a post-PSLRA securities fraud case. Judge Alonso, who presided over the action, stated that "[Robbins Geller] performed a very high-quality legal work in the context of a thorny case in which the state of the law has been and is in flux. They achieved an exceptionally significant recovery for the class. And the Court agrees . . . that it was, in fact, a spectacular result for the class." *Household*, No. 1:02-cv-05893, ECF No. 2261 at 65 (N.D. Ill. Oct. 20, 2016). Likewise, in *Silverman v. Motorola, Inc.*, 2012 WL 1597388, at \*3 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013), Judge Amy J. St. Eve noted "[t]he representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity." *Id.* Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits.[2]

---

[2]    *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In*

- 7 -

Likewise, Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. Labaton Sucharow served as a lead counsel in *In re Am. Int'l Grp., Inc. Sec. Litig.*, No. 1:04-cv-08141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, No. 1:08-md-01963 (S.D.N.Y.), in which it served as co-lead counsel. In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Fin. Corp. Sec. Litig.*, No. 2:07-cv-50295 (C.D. Cal.), in which it achieved a settlement of $624 million – one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also served as co-lead counsel in *In re Satyam Comput. Servs. Ltd. Sec. Litig.*, No. 1:09-md-02027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members. Labaton Sucharow presently serves as lead counsel in several significant investor class actions.

Robbins Geller maintains offices in this District which will enable it to handle the litigation efficiently and save costs, and the firm has successfully prosecuted (and is prosecuting) several securities class actions with Labaton Sucharow. For instance, the firms are currently serving together as Lead Counsel in *In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 1:10-cv-03461 (S.D.N.Y.) and recently achieved a recovery for investors of $40 million in *In re Jeld-Wen Holding, Inc. Sec. Litig.*, No. 3:20-cv-00112 (E.D. Va.).

---

*re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

As a result, the putative class's interests in this case will be well represented if the Court approves the Northeast Pension Funds' selection of Robbins Geller and Labaton Sucharow as Lead Counsel.[3]

## IV.      CONCLUSION

The Northeast Pension Funds satisfy each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Northeast Pension Funds respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED:  March 14, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (ILND-GB-5711)
JENNIFER N. CARINGAL (ILND-GB-286197)
MICHAEL ALBERT


                s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com

---

[3]    For a more detailed description of Robbins Geller's and Labaton Sucharow's respective track records, resources, and attorneys, please visit https://www.rgrdlaw.com and www.labaton.com. Hard copies of the firms' resumes are available upon the Court's request, if preferred.

- 9 -

4861-3684-5844.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
ERIC J. BELFI
FRANCIS P. MCCONVILLE
140 Broadway
New York, NY 10005
Telephone:  212/907-0700
212/818-0477 (fax)
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 10 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 14, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Email: dmyers@rgrdlaw.com

4861-3684-5844.v1