# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| REGINALD T. ALLISON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OAK STREET HEALTH, INC., MICHAEL PYKOSZ, and TIMOTHY COOK,<br><br>Defendants, | Case No. 1:22-cv-00149-MFK<br><br><u>CLASS ACTION</u><br><br>Honorable Matthew F. Kennelly |

**JOINT DECLARATION OF**
**DAVID RANDALL AND BARBARA J. DAVIS**
**IN SUPPORT OF THE MOTION OF THE**
**EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF BALTIMORE AND**
**THE EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF KANSAS CITY,**
**MISSOURI FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF COUNSEL**

We, David Randall and Barbara J. Davis, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     We respectfully submit this joint declaration in support of the motion of the Employees' Retirement System of the City of Baltimore ("Baltimore Employees") and the Employees' Retirement System of the City of Kansas City, Missouri ("KCERS") for appointment as Lead Plaintiff and approval of our selection of Saxena White P.A. ("Saxena White") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel for the proposed Class in the securities action filed against Oak Street Health, Inc. ("Oak Street") and related defendants. We are informed of and understand the requirements and duties of serving as the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the Oak Street litigation. We each have personal knowledge about the facts set forth in this Joint Declaration relating to the entity with which we are associated.

2.     I, David Randall, am Executive Director of Baltimore Employees and am authorized to make this Joint Declaration on its behalf. Baltimore Employees is a public pension fund that provides retirement benefits to approximately 18,000 regular and permanent employees in the general administrative service of the City of Baltimore, Maryland and certain non-teacher employees of the Baltimore City Public School System. Baltimore Employees was established in 1926 and, at the end of December 31, 2021, had $2.2 billion in assets under management. As reflected in its certification, Baltimore Employees purchased a significant number of shares of Oak Street common stock during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action. Baltimore Employees is a sophisticated institutional investor that understands, appreciates, and accepts the duties and

I

fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA. Baltimore Employees currently serves as Lead Plaintiff in *Xu v. Fibrogen, Inc.*, No. 3:21-cv-02623 (N.D. Cal.).

3. I, Barbara J. Davis, am Executive Officer of KCERS and am authorized to make this Joint Declaration on its behalf. KCERS, which was established by Kansas City ordinance in 1962, provides retirement and other benefits to approximately 6,500 full-time and retired employees of Kansas City, Missouri and their beneficiaries. As of April 2021, KCERS managed more than $1.4 billion in assets. As reflected in its certification, KCERS purchased a significant number of shares of Oak Street common stock during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action. KCERS is a sophisticated institutional investor that understands, appreciates, and accepts the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA. KCERS has previously served as lead plaintiff in a securities class action and helped secure a $20.5 million recovery in *In re Tower Group International, Ltd. Securities Litigation*, No. 1:13-cv-05852 (S.D.N.Y.).

4. Baltimore Employees and KCERS are sophisticated institutional investors that have dedicated staffs of professionals who will ensure effective oversight of counsel and this litigation. Each entity manages hundreds of millions of dollars in assets and serves as a fiduciary to thousands of beneficiaries. Baltimore Employees and KCERS each have prior experience serving as fiduciaries and in selecting, hiring, and overseeing lawyers in securities class action litigation. Baltimore Employees and KCERS are also familiar with one another given their membership in the National Conference for Public Employee Retirement Systems (NCPERS), which is the largest trade association for public sector pension funds.

2

5.     Baltimore Employees and KCERS are strongly motivated to recover the significant losses that they and the Class suffered as a result of defendants' violations of the federal securities laws. The principal goal of Baltimore Employees and KCERS in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the Class from all culpable parties. We each believe that the prosecution of this fraud should be entrusted to institutional investors that have a significant financial interest in the claims against defendants and are committed to maximizing the Class's recovery and ensuring the litigation is prosecuted as zealously and efficiently as possible, in accordance with the duties set forth in the PSLRA.

6.     Baltimore Employees and KCERS reaffirm our commitment to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by: conferring with each other and with our counsel regarding litigation strategy and other matters; attending court proceedings, depositions, any settlement mediations, and hearings as needed; and reviewing and authorizing the filing of important litigation documents. Through these and other measures, Baltimore Employees and KCERS will ensure that the Oak Street securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class.

7.     In exploring their potential leadership of this action, Baltimore Employees and KCERS expressed an interest to our counsel in collaborating with other sophisticated institutional investors in seeking joint Lead Plaintiff appointment. Baltimore Employees and KCERS each determined that we could maximize the Class's recovery by pooling our respective resources and experience and jointly seeking appointment as Lead Plaintiff. After reviewing the allegations pleaded in the action and consulting with our counsel, Baltimore Employees and KCERS each

3

independently determined to seek joint appointment as Lead Plaintiff, and subsequently approved the filing of a joint motion seeking our appointment as Lead Plaintiff.

8. Baltimore Employees and KCERS's decision was driven in part by our respective organizations' prior experience prosecuting securities class action litigation, and our mutual belief that our partnership would allow for the sharing of experiences and resources and would add substantial value to the prosecution of the Oak Street litigation and benefit the Class. Baltimore Employees and KCERS's decision was driven by our common interests in enhancing the stability of defined benefit plans and the reliability of information disseminated by publicly traded corporations and by our shared belief regarding the role of corporate governance in detecting and preventing securities fraud.

9. As part of an effort to formalize our leadership over this litigation, and to begin implementing our strategy for prosecuting this litigation as Lead Plaintiff, on March 11, 2022, we held a joint conference call, during which we discussed: our respective funds' losses arising from defendants' misconduct; the merits of the claims against the defendants; the benefits of working together jointly to prosecute the litigation in a collaborative and cohesive matter; the advantages of having a law firm experienced in successfully litigating securities class actions serve as Lead Counsel; and procedures and mechanisms for communication and decision-making that will ensure that the Class will benefit from our supervision of counsel. In particular, we discussed our shared views that the prosecution of this action would benefit from the leadership of institutional investors that have the financial interest and desire to ensure active oversight of the action and counsel and maximize the Class's potential recovery.

10. We also discussed our intention to make all decisions jointly, taking into consideration proposed Lead Counsel's advice. We do not anticipate that any disagreements

between us will arise and are committed to making all efforts, in good faith, to reach consensus with respect to litigation decisions, and to that end will consult with our counsel as we deem necessary to fulfill our fiduciary obligation to the Class. We are confident in our ability to reach joint decisions regarding litigation matters and will use consensus decision-making to maximize the recovery for the class.

11. In addition, we discussed a Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to supervise the prosecution of the case to guarantee that it is prosecuted efficiently. Through supervision of proposed Lead Counsel, we will ensure that this action is prosecuted for the benefit of the Class in an efficient and effective manner. In order to achieve this result, we plan on consulting with each other and with counsel regarding the prosecution of this lawsuit via telephone, email, and videoconference. We also understand that some of these meetings may need to be conducted without counsel. To this end, we each have exchanged contact information for one another, and are able to call or email each other with and without counsel as needed, including on an emergency basis if circumstances arise requiring such urgent communications.

12. We have directed counsel to advise us as to all substantive developments during the lead plaintiff motion process. We will continue to direct counsel and actively oversee the prosecution of this action for the benefit of the Class by, among other things, reviewing pleadings and conferring amongst ourselves. Representatives of Baltimore Employees and KCERS also are prepared to travel to court proceedings, depositions, settlement meditations, and hearings when their presence will be of benefit to the Class.

13. We understand that the PSLRA and courts throughout the country, including courts in this District, have endorsed the appointment of small groups of institutional investors to serve

5

as lead plaintiff when the group is able to establish that its members are capable of overseeing the litigation and their proposed lead counsel in an independent manner. We intend to prosecute this litigation in such an independent and vigorous manner.

14.     In addition to discussing our goals for the litigation, Baltimore Employees and KCERS recognize the importance of selecting qualified counsel to prosecute the litigation in a cost-effective manner. We are familiar with the experience, resources, and successes of our proposed Lead Counsel, Saxena White, and we are aware that it is an accomplished law firm with a history of achieving significant recoveries and corporate governance reforms with defendants. We also are aware that Saxena White has a track record of efficiently prosecuting complex securities actions. Indeed, we believe that this firm's history of effectively prosecuting complex securities class action lawsuits provides comfort that the Class will receive the best possible representation. In addition, we believe that Saxena White's diverse legal team will offer unique perspectives that will benefit the Class and advance the important goal of increasing diversity in the courtroom.

15.     Through our conversations with each other and oversight of our proposed Lead Counsel, we believe that Saxena White will vigorously prosecute this action in a zealous and cost-efficient manner and in the best interests of all members of the Class.

16.     Baltimore Employees and KCERS are committed to ensuring that the Class receives the best possible outcome from this litigation.

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Baltimore Employees are true and correct to the best of my knowledge.

Executed this 14th day of March, 2022.

By: _____

David Randall
Executive Director

Authorized Signatory of Employees'
Retirement System of the City of Baltimore

7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to KCERS are true and correct to the best of my knowledge.

Executed this 11ᵗʰ day of March, 2022.

By: _____

Barbara J. Davis
Executive Officer

Authorized Signatory of Employees'
Retirement System of the City of Kansas City, Missouri

8