# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD T. ALLISON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>OAK STREET HEALTH, INC., et al.,<br><br>        Defendants. | Case No. 1:22-cv-00149<br><br>Judge Matthew F. Kennelly |

## OAK STREET DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' SUPPLEMENTAL AUTHORITY

Pursuant to the Court's Order (ECF No. 66), Oak Street and the Individual Defendants[1] hereby respond to Plaintiffs' "supplemental authority." The so-called "supplemental authority" consists of two out-of-circuit, district court decisions that bear no resemblance to this case.[2] Neither decision represents controlling precedent, a change in the law, or a relevant opinion from a court within this district or even this circuit. *See Milligan* v. *Bd. of Trustees, S. Illinois Univ.*, 2010 WL 4818387, at *1 (S.D. Ill. Nov. 16, 2010) (discounting proffered supplemental authority that "represents no new proposition of law . . . necessary or helpful to the resolution of this case"). Each case is also easily distinguishable.

In the first decision, *City of Birmingham Relief and Retirement System* v. *Acadia Pharmaceuticals, Inc.*, 2022 WL 4491093 (S.D. Cal. Sept. 27, 2022), plaintiffs alleged that a pharmaceutical company misled investors when it said that the FDA had approved a clinical trial design for its "most valuable drug," described the trial results as "positive" and "strong," and expressed "confidence" in the likelihood of FDA approval. *Id.* at *3-5. The FDA ultimately denied approval, citing a flawed trial design and data "demonstrat[ing] a lack of efficacy." *Id.* at 4-5. Plaintiffs here argue that this decision shows that statements may be actionable if omitted information renders them misleading. That is a true and uncontroversial statement, and not a remarkable development in the law. But *Acadia* is fundamentally different on its facts.

In *Acadia*, allegedly concealed information about "shortcomings in the studies" and "disappointing data" directly undermined defendants' statements "tout[ing]" the "cherry-picked positive results." *Id.* at *9-11. Here, by contrast, the allegedly concealed information about a

---

[1] Defined terms have the same meaning as in the Memorandum of Law in Support of Defendants' Motion to Dismiss ("MTD," ECF No. 59).

[2] Notably, in their brief opposing Defendants' Motion to Dismiss ("Opp."), Plaintiffs repeatedly disparaged cases that were "out-of-circuit." (*See, e.g.*, ECF No. 63 at 16 n.8, 24.)

patient recruitment program that is concededly a minor part of Oak Street's overall marketing program has no similar connection to the challenged statements, which are a handful of high-level, generic factual statements discussing Oak Street's marketing strategies. (*See* MTD at 15-19.) Oak Street also expressed *caution*, not "confidence," about its recruitment program, and warned that, although it "believes" its third-party recruitment arrangements are lawful, regulators might reach a different conclusion. (*See id.* at 13-14.) Plaintiffs also note that the *Acadia* decision relied on executive stock sales in its discussion of scienter. But there, unlike here, the *timing* of the sales was suspicious because the executives had *never* sold shares during their lengthy tenure before the class period. 2022 WL 4491093, at *13. There are no comparable allegations here, and Plaintiffs do not dispute their failure to allege that *any* stock sale was suspiciously timed or out of line with other sales. (*Compare* MTD at 31-33, *with* Opp. at 28-29.)

The second decision, *Kasilingam* v. *Tilray, Inc.*, 2022 WL 4537846 (S.D.N.Y. Sept. 28, 2022), concerns a cannabis company that allegedly misled investors about the value of its inventory and a significant co-marketing agreement, and subsequently wrote down the valuation of each by $68.6 million (44%), and $102.6 million (86%), respectively. *See id.* at *2, 5; Second Am. Compl. ¶¶ 14, 138-45, 2021 WL 6335279 (S.D.N.Y. Dec. 3, 2021). Plaintiffs argue that *Tilray* supports their argument that it is "improper" for defendants to "contradict the allegations in the complaint." But Plaintiffs cite a discussion in *Tilray* in which the court "decline[d] to take judicial notice of [d]efendants' news articles" that were not cited in the complaint. 2022 WL 4537846, at *1. Defendants here do not cite any news articles or any other extraneous documents to "contradict" Plaintiffs' allegations; in any event, Plaintiffs did not object to *any* exhibit appended to Defendants' Motion to Dismiss, each of which is appropriate for judicial notice and not offered for its truth. Plaintiffs have waived this argument and to the extent they

submit *Tilray* for this purpose, it is irrelevant and should be disregarded. (*See* ECF No. 59-1.)

Plaintiffs also note, again, that an individual defendant's stock sales supported an inference of scienter in *Tilray*. Unlike here, however, plaintiffs in *Tilray* alleged that the *timing* of the sales was suspicious because the defendant's largest sale was made right at the beginning of the class period, and right after the same defendant "promised not to sell any of his . . . shares." 2022 WL 4537846, *4. Plaintiffs in *Tilray* also alleged that the defendant sold stock "at a high profit margin." *Id.* Here, by contrast, Plaintiffs allege facts "only [about] gross proceeds," not "net profits," which is categorically "insufficient to support a strong inference of scienter." (MTD at 32-33 (quoting *Garden City Emps.' Ret. Sys.* v. *Anixter Int'l, Inc.*, 2011 WL 1303387, at *14 (N.D. Ill. Mar. 31, 2011).)

Accordingly, the Court should discount Plaintiffs' proffered supplemental authority.

Dated: October 11, 2022

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ *Andrew J. Ehrlich*

| | |
|---|---|
| Peter A. Silverman (Il. ARDC # 6196081) | Andrew J. Ehrlich (*pro hac vice*) |
| Rebecca R. Kaiser (Il. ARDC # 6306280) | Daniel S. Sinnreich (*pro hac vice*) |
| **SMITH, GAMBRELL & RUSSELL, LLP** | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| 10 S. LaSalle Street, Suite 3600 | 1285 Avenue of the Americas |
| Chicago, Illinois 60603 | New York, NY 10019-6064 |
| Telephone: 312-264-1004 | Telephone: 212-373-3000 |
| Facsimile: 312-251-4610 | Facsimile: 212-373-3990 |
| Email: psilverman@sgrlaw.com | Email: aehrlich@paulweiss.com |
| Email: rfournier@sgrlaw.com | Email: dsinnreich@paulweiss.com |

*Counsel for Defendants Oak Street Health, Inc., and the Individual Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2022, I electronically filed the foregoing Response To Lead Plaintiffs' Supplemental Authority with the Clerk of the Court through the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ *Andrew J. Ehrlich*
Andrew J. Ehrlich