UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD T. ALLISON, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-00149 |
| Plaintiff, | |
| vs. | Judge Matthew F. Kennelly |
| OAK STREET HEALTH, INC., et al., | |
| Defendants. | |

CONFIDENTIALITY ORDER

The parties to this Confidentiality and Rule 502(d) Order[1] have agreed to the terms of this Order; accordingly, it is ORDERED:

1.   **Scope**.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively, "Discovery Material"), shall be subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.   **Confidential Discovery Material**.  As used in this Order, "Confidential Discovery Material" means information designated as "Confidential" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, financial, or customer information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.

3.   **Highly Confidential Discovery Material**. As used in this Order, "Highly Confidential Discovery Material" (together with Confidential Discovery Material, "Protected Information") means information designated as "Highly Confidential" which is of such a highly sensitive nature that substantial competitive or financial harm would be highly likely to occur if the information were disclosed, such as highly confidential communications with government agencies regarding regulatory inquiries or investigations.

4.   **Designation.**

---

[1]   The parties are concurrently submitting a redline version comparing this Agreed Confidentiality and Rule 502(d) Order to the Court's model Confidentiality Order (Form LR 26.2).

- 1 -

(a)     If a party reasonably and in good faith believes that Discovery Material contains Confidential or Highly Confidential information, it may designate Discovery Material as Protected Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Protected Information.  The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be applied prior to or at the time the Discovery Material is produced or disclosed.  For information in documentary form produced in its electronic native format, a party shall produce such information with a one-page TIFF placeholder stating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the extent the information includes Protected Information.  Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to Discovery Material does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any Discovery Material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked Protected Information and do not otherwise disclose the substance of the Protected Information are not required to be marked.

(b)     The designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is a certification by an attorney or a party appearing pro se that such person reasonably and in good faith believes the Discovery Material contains Protected Information as defined in this Order.[2]

---

[2]   An attorney who reviews and designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" must be admitted to the Bar of at least one state but need not be

(c)     Discovery Material that is available to the public may not be designated as Protected Information.

5.     **Depositions**.  A party may, on the record of a deposition, or within the later of (i) thirty (30) calendar days after receipt of the transcript of such deposition or (ii) the date on which an errata sheet is provided by the deponent, designate any portion or portions of the deposition (by transcript page and line number) as Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Order.  Failure to designate within the later of (i) thirty (30) calendar days after receipt of the transcript or (ii) the date on which an errata sheet is provided by the deponent shall waive any ability to designate any portion or portions of the deposition as Confidential or Highly Confidential, unless otherwise ordered by the Court.  Until such time period expires without any designation having been made, the entire deposition transcript shall be treated as Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the disclosing party.

6.     **Protected Information.**

(a)     **General Protections**.  Unless otherwise agreed by the parties, Protected Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) or (c) for any purpose whatsoever other than in this litigation, including any appeal thereof.  In a putative class action, Protected Information may be disclosed only to the Lead Plaintiff and any named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified, and such

---

admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party.  By designating Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

putative class member has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound ("Acknowledgment").

(b) **Disclosure of Confidential Discovery Material**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Discovery Material to any third person or entity except as set forth in subparagraphs (i)-(xi). Subject to these requirements, the following categories of persons may be allowed to review Confidential Discovery Material:

(i) **Counsel**. Counsel for the parties, including in-house counsel, and the paralegals, employees, and other staff of such counsel who have responsibility for the action;

(ii) **Parties**. Individual parties to this action and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(iii) **The Court and Its Personnel**;

(iv) **Court Reporters and Recorders**. Court reporters and recorders, along with their staff, engaged for depositions, hearings, or trial;

(v) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(vi) **Consultants and Experts**. Consultants, investigators, or experts, including professional jury or trial consultants, along with their staff, employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the Acknowledgment;

(vii) **Witnesses**. During and in preparing for their depositions, hearings, trial, or similar proceedings, witnesses in this action to whom disclosure is reasonably necessary.

- 4 -

Witnesses shall not retain a copy of Confidential Discovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(viii) **Custodian, Author, or Recipient**. The custodian, author, or recipient of the Confidential Discovery Material (not including a person who received the document in the course of litigation) or a person who otherwise possessed or knew the information. Author includes the individual or individuals who prepared or contributed to a document;

(ix) **Mediator**. Any mediator or other person engaged for the purpose of alternative dispute resolution of this action, mutually agreed upon by the parties engaged in settlement discussions, and who have completed the Acknowledgement;

(x) **Insurers**. Insurers and reinsurers of the parties, and counsel for such insurers or reinsurers, who have completed the Acknowledgement; and

(xi) **Others by Consent or Court Order**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Disclosure of Highly Confidential Discovery Material**. No person subject to this Order other than the producing person shall disclose any Highly Confidential Discovery Material to any person or entity except as set forth in subparagraphs (i)-(viii). Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Discovery Material:

(i) **Counsel**. Counsel for the parties, including in-house counsel, and employees of counsel who have responsibility for this action. In the event that a party does not

- 5 -

have in-house counsel, Highly Confidential Discovery Material may be disclosed, summarized, or otherwise made available to a designated representative of the party;

(ii)        **The Court and Its Personnel**;

(iii)        **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions, hearings, or trial;

(iv)        **Contractors**.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(v)        **Consultants and Experts**.  Consultants, investigators, or experts, including professional jury or trial consultants, along with their staff, employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in the Acknowledgement.

(vi)        **Mediator**.  Any mediator or other person engaged for the purpose of alternative dispute resolution of this action, mutually agreed upon by the parties engaged in settlement discussions, and who have completed the Acknowledgement.

(vii)        **Witnesses at Depositions**.  During and in preparing for their depositions, hearings, trial, or similar proceedings, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of Highly Confidential Discovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(viii) **Custodian, Author, or Recipient**. The custodian, author, or recipient of the Highly Confidential Discovery Material (not including a person who received the document in the course of litigation) or a person who otherwise possessed or knew the information. Author includes the individual or individuals who prepared or contributed to a document.

(ix) **Others by Consent or Court Order**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

7. **Non-Parties**. Non-parties who are requested to produce Discovery Material or provide testimony in this action may avail themselves of the provisions of this Order and may designate and produce Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with its provisions without further action by the Court.

8. **Control of Discovery Material**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Information. Counsel shall maintain the originals of the Acknowledgment signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

9. **Inadvertent Failure to Designate**. An inadvertent failure to designate Discovery Material as Protected Information does not, standing alone, waive the right by the producing party to so designate the Discovery Material; provided, however, that failure to timely designate any portion or portions of a deposition as required by this Order, even if inadvertent, waives ay protection for deposition testimony. The producing party must inform the receiving party (the "Receiving Party") of the inadvertent failure to designate within ten (10) business days after discovering it. If a party designates Discovery Material as Protected Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No

- 7 -

party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Protected Information.

10. **Privileged Material Disclosure and Rule 502(d) Order**. If a party (the "Disclosing Party") inadvertently discloses information that the Disclosing Party thereafter in good faith claims to be subject to a valid claim of attorney-client privilege or work product protection ("Privileged Material"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any privilege or work product protection with respect to the specific disclosed Discovery Material that is being claimed as privileged or protected. The fact that such Privileged Material was initially disclosed does not, alone, establish that the disclosure of the Privileged Material was intentional.

11. **Time For Asserting Privilege and Protection**. The Disclosing Party may assert privilege or protection over produced Discovery Material at any time by notifying the Receiving Party in writing of the assertion of privilege or protection, except that:

(a) affirmative use of the Discovery Material by the Disclosing Party in the action waives privilege and protection with respect to it, and of other Discovery Material to the extent provided by Federal Rules of Evidence, Rule 502(a); and

(b) upon use in the action by another of Discovery Material that is being claimed as privileged or protected that was produced by a party, that Disclosing Party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

12. **Disputing Claims of Privilege/Work Product Protection Over Produced Documents**. Upon notification from the Disclosing Party that Discovery Material that is being claimed as privileged or protected has been produced, and a privilege log and the basis for the

claim has been provided, the Receiving Party will promptly sequester such Discovery Material, and make no further use of such Discovery Material, and:

(a)     to whatever extent it contests the assertion of privilege or protection, promptly so notify the Disclosing Party, and continue to sequester and not make use of the contested Discovery Material pending resolution of the contest either through the meet and confer process or by the Court (in the event of a contested assertion of privilege or protection over produced Discovery Material that cannot be resolved amicably after meeting and conferring in good faith pursuant to LR 37.2, either party may bring the contest to the attention of the Court by motion); and

(b)     to whatever extent the Receiving Party does not contest the assertion of privilege or protection, make no use of or otherwise disclose the Discovery Material that is being claimed as privileged or protected, and promptly certify in writing to the producing party that it has returned or destroyed the applicable Discovery Material, and has made reasonably diligent efforts to: (i) delete any electronic versions from any data source or any database it maintains; (ii) retrieve all electronic and paper copies provided to any third parties, including experts; and (iii) destroy any notes that reveal the substance of the claimed privileged or protected information.

13.     **Filing of Protected Information**.  This Order does not, by itself, authorize the filing of any Discovery Material under seal.  Any party wishing to file under seal Protected Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

14.     **No Greater Protection of Specific Documents**.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

- 9 -

15.     **Challenges by a Party to Designation as Protected Information**.   The designation of any Discovery Material as Protected Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)     **Meet and Confer**.  A party challenging the designation of Discovery Material as Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b)     **Judicial Intervention**.  A party that elects to challenge the designation of Protected Information may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the Discovery Material as Protected Information under the terms of this Order.

16.     **Action by the Court**.  Applications to the Court for an order relating to Discovery Material designated as Protected Information shall be by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

17.     **Use of Protected Information at Trial or Hearings**.  Nothing in this Order shall be construed to affect the use of any Discovery Material at any trial or hearing.  A party that intends to present or that anticipates that another party may present Protected Information at a hearing or

trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such Protected Information at trial or hearings.

**18.     Protected Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material designated in this action as Protected Information, the Receiving Party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. If compliance with the subpoena is required in fewer than three days, the Receiving Party must give the designating party at least twenty-four hours' notice before making any disclosure.

(b)     The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to protect its Protected Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Protected Information by the other party to this case.

19. **Challenges by a Party or Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

20. **Obligations on Conclusion of Litigation**.

(a) **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation**. Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, each person having received Protected Information shall undertake reasonable efforts to: (i) return such material and all copies thereof to counsel for the producing party, upon the request of the producing party; or (ii) destroy all Protected Information. At that time, each Receiving Party will certify to the producing party via email that they have complied with this paragraph. The Receiving Party shall not be required to locate, isolate, and return or destroy e-mails (including attachments to e-mails) that may include Protected Information, or Protected Information contained in deposition transcripts or drafts or final expert reports. Moreover, no party is obligated to return or destroy Protected Information that is contained on electronic backup or archival media but that will be overwritten or destroyed in the ordinary course of business.

(c) **Retention of Work Product and Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all court papers; pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Information under this Order. An attorney may use his or her work product in subsequent litigation, provided that its

- 12 -

use does not disclose or use Protected Information.  Furthermore, neither the parties nor the Court shall be obligated to return or destroy any produced Discovery Material (or any copies thereof) that were admitted into evidence at trial or any hearing; incorporated (as an exhibit, appendix, or otherwise) as part of a document filed with or submitted to the Court; or incorporated (as an exhibit, appendix, or otherwise) as part of an expert report.

(d)     **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System**.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

21.     **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

22.     **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated Protected Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

23.     **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**Reservation of Rights**. Nothing contained in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by any other party.

So Ordered.

DATED: 3/21/2023

_[signature]_

MATTHEW F. KENNELLY
United States District Judge

WE SO MOVE
and agree to abide by
the terms of this Order

 /s/ Frank A. Richter
James E. Barz (IL Bar #6255605)
Frank A. Richter (IL Bar #6310011)
Cameran M. Gilliam (IL Bar #6332723)
ROBBINS GELLER RUDMAN &
DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 630-696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
cgilliam@rgrdlaw.com

WE SO MOVE
and agree to abide by
the terms of this Order

/s/ Staci L. Yablon
Andrew J. Ehrlich (*pro hac vice*)
Staci L. Yablon (*pro hac vice*)
Daniel S. Sinnreich (*pro hac vice*)
Alison R. Benedon (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON  &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000
aehrlich@paulweiss.com
syablon@paulweiss.com
dsinnreich@paulweiss.com

-and-


Peter A. Silverman (IL ARDC #6196081)
Rebecca Kaiser Fournier (IL ARDC #6306280)
SMITH, GAMBRELL & RUSSELL, LLP
10 S. LaSalle Street, Suite 3600
Chicago, IL 60603
Telephone: 312-264-1004
psilverman@sgrlaw.com
rfournier@sgrlaw.com

- 14 -

Counsel for: Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 and Co-Lead Counsel for the Class

Dated: March 17, 2023

Counsel For: Defendants Oak Street Health, Inc., Michael Pykosz, Timothy Cook, General Atlantic LLC, General Atlantic (OSH) Interholdco, L.P., Newlight Partners LP, Newlight Harbour Point SPV LLC, Geoff Price, Griffin Myers, Regina Benjamin, Carl Daley, Cheryl Dorsey, Mohit Kaushal, Kim Keck, Julie Klapstein, Paul Kusserow, Robbert Vorhoff, and Srdjan Vukovic

Dated: March 17, 2023

 /s/ Christine M. Fox

Christine M. Fox (*pro hac vice*)
James M. Fee (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway, 34th Floor
New York, NY 10005
Telephone: 212-907-0700
Fax: 212-818-0477
cfox@labaton.com
jfee@labaton.com

Counsel for: Boston Retirement System and City of Dearborn Police & Fire Revised Retirement System and Co-Lead Counsel for the Class

Dated:  March 17, 2023

/s/ Marcella L. Lape

Marcie Lape
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: 312-407-0700
Marcie.lape@skadden.com

Counsel for: Defendants J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, William Blair & Company L.L.C., and Piper Sandler & Co.

Dated:  March 17, 2023

**ATTACHMENT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD T. ALLISON, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Case No. 1:22-cv-00149 |
| Plaintiff, ) ) | <u>CLASS ACTION</u> |
| ) | Judge Matthew F. Kennelly |
| vs. ) ) | |
| OAK STREET HEALTH, INC., et al., ) ) | |
| Defendants. ) ) ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned action and attached hereto, understands the terms thereof,

and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United

States District Court for the Northern District of Illinois in matters relating to the Confidentiality

Order and understands that the terms of the Confidentiality Order obligate him/her to use

Discovery Material designated as Protected Information in accordance with the Order solely for

the purposes of the above-captioned action, and not to disclose any such Protected Information to

any other person, firm or concern.

- 1 -

- 2 -

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

DATED: _____          _____
                                                    SIGNATURE

- 2 -