# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD T. ALLISON, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Case No. 1:22-cv-00149 |
| Plaintiff, ) ) ) | CLASS ACTION |
| vs. ) ) | Judge Jeffrey I. Cummings |
| OAK STREET HEALTH, INC., et al., ) ) ) | |
| Defendants. ) ) ) | |

DECLARATION OF JOSEPH SAMOLEWICZ ON BEHALF OF CENTRAL
PENNSYLVANIA TEAMSTERS PENSION FUND IN SUPPORT OF LEAD PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION

I, JOSEPH SAMOLEWICZ, Administrator of the Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan ("CPTPF Benefit Plan") and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 ("CPTPF Retirement Plan") (collectively, the "Pension Fund") respectfully submit this declaration in support of Lead Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel. The following facts are true and correct to my knowledge, and if called upon to testify, I could and would testify competently thereto.

1.      As Administrator of the Pension Fund, I participate in and oversee decisions regarding the administration of the Pension Fund. I am authorized to sign this declaration on behalf of the Pension Fund, which seeks to be appointed as the Class Representative, along with Boston Retirement System ("BRS") and City of Dearborn Police & Fire Revised Retirement System ("Dearborn"), in this action.

2.      The CPTPF Benefit Plan is a multiemployer defined benefit pension plan with over $1.2 billion in investments that it oversees for the benefit of more than 27,000 participants and their beneficiaries. The CPTPF Retirement Plan is a multiemployer defined contribution pension plan with over $900 million in investments that it oversees for the benefit of more than 9,000 participants and their beneficiaries.

3.      The Pension Fund did not hold or acquire Oak Street Health, Inc. common stock at the direction of its counsel in this matter, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), or in order to participate in this private action or any other litigation under the federal securities laws.

4.      The Pension Fund understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors and others with meaningful losses to direct securities class actions. Should it be appointed as Class Representative, the Pension Fund, a

sophisticated institutional investor, is committed to continuing to vigorously prosecute this litigation. The Pension Fund intends to maximize the recovery for the Class consistent with good faith and sound judgment.

5.    The Pension Fund has reviewed and monitored the progress of this litigation. For example, the Pension Fund has: (a) received periodic written updates and other correspondence from counsel regarding the case; (b) reviewed and discussed with counsel the filing of significant pleadings and briefs, including Lead Plaintiffs' Complaint for Violations of the Federal Securities Laws (ECF 40), the service and progress of discovery, the issuance of court orders, and other case developments; (c) searched for, collected, and produced documents responsive to defendants' discovery requests; and (d) reviewed and responded to defendants' written discovery requests. The Pension fund is committed to actively directing this litigation and will attend hearings, depositions, and/or trial, and will oversee critical junctures of this litigation, as appropriate. Should it be appointed Class Representative, the Pension Fund, along with BRS and Dearborn, will continue to provide fair and adequate representation to the members of the proposed Class and work to obtain the largest possible recovery for the proposed Class consistent with good faith and meritorious advocacy.

6.    The Pension Fund supports the selection of Robbins Geller and Labaton Sucharow LLP ("Labaton") as the proposed Class Counsel because of the firms' extensive experience and expertise in prosecuting securities class actions. In addition, the Pension Fund believes Robbins Geller and Labaton possess the necessary financial and human resources to successfully prosecute this case through trial and any post-trial appeals.

7.    The Pension Fund will not accept any payment for serving as Class Representative beyond the Pension Fund's pro rata share of any recovery, except such reasonable costs and

expenses (including lost wages, if any) directly related to the representation of the Class as ordered or approved by the Court consistent with the terms of the PSLRA.

8.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of November, 2023, in Wyomissing, Pennsylvania.

JOSEPH SAMOLEWICZ