# EXHIBIT 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD T. ALLISON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> OAK STREET HEALTH, INC., et al., <br><br> Defendants. | Case No. 1:22-cv-00149 <br><br> <u>CLASS ACTION</u> <br><br> Judge Jeffrey I. Cummings |

**DECLARATION OF TIMOTHY J. SMYTH ON BEHALF OF BOSTON RETIREMENT SYSTEM IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, TIMOTHY J. SMYTH, Executive Director of Boston Retirement System ("BRS") respectfully submit this declaration in support of Lead Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel ("Motion"). The following facts are true and correct to my knowledge, and if called upon to testify, I could and would testify competently thereto.

1. As Executive Director of BRS, I participate in and oversee decisions regarding the administration of BRS. I am authorized to sign this declaration on behalf of BRS, which seeks to be appointed as the Class Representative, along with the Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan ("CPTPF Benefit Plan"), Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 ("CPTPF Retirement Plan") (collectively, "CPAT") and City of Dearborn Police & Fire Revised Retirement System ("Dearborn"), in this action.

2. BRS is a governmental defined benefit plan that provides retirement benefits to employees (and their beneficiaries) of the City of Boston, Boston Planning & Development Agency, Boston Housing Authority, Boston Public Health Commission and Boston Water & Sewer Commission. BRS has approximately $6.4 billion in assets under management for the benefit of more than 34,000 members and beneficiaries.

3. BRS did not hold or acquire Oak Street Health, Inc. common stock at the direction of its counsel in this matter, Labaton Sucharow LLP ("Labaton"), or in order to participate in this private action or any other litigation under the federal securities laws.

4. BRS understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors and others with meaningful losses to direct securities class actions. Should it be appointed as Class Representative, BRS, a sophisticated

- 2 -

institutional investor, is committed to continuing to vigorously prosecute this litigation. BRS intends to maximize the recovery for the Class consistent with good faith and sound judgment.

5. BRS has reviewed and monitored the progress of this litigation. For example, the BRS has: (a) received periodic written updates and other correspondence from counsel regarding the case; (b) reviewed and discussed with counsel the filing of significant pleadings and briefs, including Lead Plaintiffs' Complaint for Violations of the Federal Securities Laws (ECF 40), the service and progress of discovery, the issuance of court orders, and other case developments; (c) searched for, collected, and produced documents responsive to defendants' discovery requests; and (d) reviewed and responded to defendants' written discovery requests. BRS is committed to actively directing this litigation and will attend hearings, depositions, and/or trial, and will oversee critical junctures of this litigation, as appropriate. Should it be appointed Class Representative, BRS, along with CPAT and Dearborn, will continue to provide fair and adequate representation to the members of the proposed Class and work to obtain the largest possible recovery for the proposed Class consistent with good faith and meritorious advocacy.

6. BRS supports the selection of Labaton and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as the proposed Class Counsel because of the firms' extensive experience and expertise in prosecuting securities class actions. In addition, BRS believes Labaton and Robbins Geller possess the necessary financial and human resources to successfully prosecute this case through trial and any post-trial appeals.

7. BRS will not accept any payment for serving as Class Representative beyond its pro rata share of any recovery, except such reasonable costs and expenses (including lost wages, if any) directly related to the representation of the Class as ordered or approved by the Court consistent with the terms of the PSLRA.

- 4 -

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 29 day of November, 2023, in Boston, Massachusetts.

_____
TIMOTHY J. SMYTH

- 4 -