# Exhibit 33

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Robert Goedert, P.C.
To Call Writer Directly:
+1 312 862 7317
robert.goedert@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

April 12, 2021

American Stock Transfer & Trust Company, LLC
6201 15th Avenue
Brooklyn, NY 11219
Attn: Kimberlee Koskiewicz

> **Re: Common Stock of Oak Street Health, Inc.**

Ladies and Gentlemen:

We are issuing this letter as special counsel to Oak Street Health, Inc. (the **"Company"**) in connection with the public sales (together, the "**Sale**") pursuant to Rule 144 under the Securities Act of 1933, as amended (the "**Securities Act**"), on March 25, 2021 and April 8, 2021 by the stockholder set forth on <u>Exhibit A</u> (the **"Stockholder"**) of an aggregate of 11,804 shares (the **"Shares"**) of Common Stock (the **"Common Stock"**) of the Company as set forth in <u>Exhibit A</u> hereto. The Shares are registered in the name of the Stockholder and are subject to the restrictive legend set forth in <u>Exhibit B</u> hereto (the **"Legend"**).

For purposes of this opinion, we have examined the following: (1) a stockholder representation letter dated April 12, 2021 from the Stockholder (the **"Stockholder Representation Letter"**); (2) broker reports dated March 31, 2021 and April 9, 2021 from Fidelity Stock Plan Services LLC (the **"Broker Representation Letters"**); (3) the Notice of Proposed Sale of Securities on Form 144 for each sale in the form filed with the Securities and Exchange Commission (the "**Form 144**"); and (4) such other agreements, documents, records and legal matters as we have deemed necessary or relevant for purposes of issuing this letter.

We have assumed for purposes of this letter, as of the date hereof: that each document we have reviewed for purposes of this letter that is an original is authentic, each such document that is a copy conforms to an authentic original and all signatures on each such document are genuine; that the parties thereto had the power, corporate or other, to enter into and perform all obligations thereunder; that each such document was duly authorized by all requisite action, corporate or other; and that such documents were duly executed and delivered by each party thereto.

In rendering the opinion expressed below, we have also assumed with your permission that: (a) the Company has registered the Common Stock pursuant to Section 12 of the Securities Exchange Act of 1934, as amended (the "**Exchange Act**"), has been subject to the reporting

Bay Area   Beijing   Boston   Dallas   Hong Kong   Houston   London   Los Angeles   Munich   New York   Paris   Shanghai   Washington, D.C.

75824990.5

# KIRKLAND & ELLIS LLP

American Stock Transfer & Trust Company, LLC
April 12, 2021
Page 2

requirements of Section 13 of the Exchange Act for a period of at least 90 days immediately preceding the date of the Sale, and has filed all reports required to be filed under Section 13 of the Exchange Act during the 12 month period immediately preceding the date of the Sale (or for such shorter period that the issuer has been required to file such reports); (b) the Stockholder satisfies the required holding period under Rule 144(d); (c) the number of shares of Common Stock sold by the Stockholder, together with all sales of restricted and other shares of Common Stock for the account of the Stockholder within the preceding three months of the Sales and required to be aggregated with the Sales pursuant to Rule 144(e)(3), did not exceed the greater of (x) one percent (1%) of the total outstanding shares of Common Stock, as shown by the most recent Securities and Exchange Commission filing made by the Company, and (y) the average weekly reported volume of trading in the Company's Common Stock on all national securities exchanges and/or reported through the automated quotation system of a registered securities association during the four calendar weeks preceding the filing of the notice required by Rule 144(h) or, if no such notice is required, the entering of the order to sell the shares by such Stockholder; (d) the Shares were sold in "brokers' transactions" (within the meaning of Section 4(4) of the Securities Act) or in transactions directly with a "market maker" (as that term is defined in Section 3(a)(38) of the Exchange Act) or in riskless principal transactions where the requirements of paragraphs (f)(1)(iii)(A), (f)(1)(iii)(B) and (f)(1)(iii)(C) of Rule 144 are met and and that the Stockholder did not solicit or arrange for the solicitation of orders to buy shares of Common Stock in anticipation of or in connection with the Sales; (e) the Stockholder has not made, and will not make, any payment in connection with the Sales to any person other than the broker who executed the Sales; (f) the Stockholder filed the Form 144 in accordance with Rule 144(h) of the Securities Act; (g) none of the Shares will be delivered to settle any short sales of Common Stock; and (h) the Shares were not initially issued by an issuer as defined in Rule 144(i)(1) of the Securities Act.

If the factual statements and assumptions set forth in this letter and referred to above prove to be incorrect or if they later change, our opinion as set forth in this letter could differ or, in some cases, be null and void. We have not made, and will not make, any effort to independently verify any information provided by the Company, the Stockholder or by the Stockholder's broker, whether in such representations or otherwise. In rendering the opinion expressed below, we have relied upon, among other things, the representations in the Stockholder Representation Letter and the Broker Representation Letters. We have assumed that there has been no relevant change or development between the dates as of which the information cited above was given and the date of this letter and that the information upon which we have relied is accurate and does not omit disclosures necessary to prevent such information from being misleading.

Based on our review of the documents referred to above, in reliance on the representations and other statements set forth in such documents, subject to the above assumptions and subject to the limitations expressed herein, it is our opinion that new book-entry interests evidencing the Shares that were sold in connection with the Sale may be issued to the purchaser(s) without the

# KIRKLAND & ELLIS LLP

American Stock Transfer & Trust Company, LLC
April 12, 2021
Page 3

Legend. The certificates or book-entry interests reflecting the Stockholder's remaining ownership of Common Stock should continue to be notated to reflect the Legend.

Our opinion herein is limited to matters arising under the Securities Act and we express no opinion as to the application or effect of any other United States federal laws or the laws of any other jurisdiction, including, without limitation, any state securities laws. Furthermore, this opinion is limited to the specific issues addressed herein and is limited in all respects to laws and facts existing on the date hereof. By rendering this opinion, we do not undertake to advise you of any changes in such laws or facts which may occur after the date hereof, nor do we assume any obligation to provide you with any subsequent opinion or advice by reason of any fact about which we did not have knowledge at that time, or for any other reason.

This opinion has been furnished to you to assist you solely in your capacity as the transfer agent for the Company's Common Stock in connection with the transfer of the Shares as contemplated hereby and may not be relied upon or utilized by any other person (including, without limitation, the Stockholder or any broker) or by you for any other purpose without our prior written consent.

Sincerely,

*Kirkland & Ellis LLP*

KIRKLAND & ELLIS LLP

**EXHIBIT A**

| Name | Number of Shares |
|------|------------------|
| Robert Guenthner | 11,804 |
| **Total** | **11,804** |

**EXHIBIT B**

THE SECURITIES REPRESENTED HEREBY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, AND NEITHER THE SECURITIES NOR ANY INTEREST THEREIN MAY BE OFFERED, SOLD, TRANSFERRED, PLEDGED OR OTHERWISE DISPOSED OF EXCEPT PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT UNDER SUCH ACT OR PURSUANT TO AN EXEMPTION THEREFROM WHICH, IN THE OPINION OF COUNSEL FOR THE HOLDER, WHICH COUNSEL AND OPINION ARE REASONABLY SATISFACTORY TO COUNSEL FOR THE COMPANY, IS AVAILABLE.

**RULE 144 SHAREHOLDER REPRESENTATION LETTER FOR AFFILIATES**

Shareholder Name: Robert Guenthner
Number of Shares: 11,804

April 12, 2021

KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654

Ladies and Gentlemen:

The undersigned stockholder (the "***Stockholder***") of Oak Street Health, Inc., a Delaware

corporation (the "***Company***"), in connection with the sales by the Stockholder on March 25,

2021 and April 8, 2021 of an aggregate of 11,804 shares (the "***Shares***") of the Company's

common stock, par value $.001 per share (the "***Common Stock***"), pursuant to Rule 144

promulgated under the Securities Act of 1933, as amended (the "***Securities Act***"), hereby

certifies to Kirkland & Ellis LLP for the purpose of supporting its opinion to American Stock

Transfer & Trust Company, LLC, relating to the sale of the Shares, that:

1. A minimum of six months has elapsed since the date of acquisition of the Shares from the Company and payment of the full purchase price therefor. The undersigned Stockholder paid the full purchase price in cash for the Shares on that date. The Stockholder has been the beneficial owner of the Shares since that date.

2. The undersigned does not have any reason to believe that the Company has not filed all the reports required to be filed under Section 13 of the Securities Exchange Act of 1934, as amended (the "***Exchange Act***"), since the date the Company became subject to the reporting requirements of Section 13 of the Exchange Act.

3. During the preceding three months, the undersigned and the undersigned's related persons have sold 25,206 shares of Common Stock pursuant to Rule 144. For purposes of this Paragraph 3, "related persons" shall mean (i) any relative or spouse of the undersigned, or any relative of such spouse, any one of whom has the same home as the undersigned; (ii) any trust or estate in which the undersigned or any of the persons specified in clause (i) collectively own ten percent or more of the total beneficial interest or of which the undersigned or any such person serves as trustee, executor or in any similar capacity; and (iii) any corporation or other organization (other than the Company) in which the undersigned or any person specified in clause (i) are the beneficial owners

KE 75824665.2

collectively of ten percent or more of any class of equity securities or ten percent or more of the equity interest.

4.     The undersigned has not pledged, donated or placed in trust any shares of Common Stock during the last year that have been sold by such pledgee, donor or trust during the preceding three months in a sale pursuant to Rule 144.

5.     The number of Shares, together with all of the shares sold by the undersigned and the "related persons" described in paragraph 3 above, during the preceding three months will not exceed the greater of:

(a)     1% of the outstanding shares of Common Stock, as shown by the most recent report or statement published by the Company, and

(b)     if the Shares are listed on a national securities exchange, the average weekly reported volume of trading of the Common Stock as reported by the national securities exchange during the four calendar weeks preceding the filing of a notice on Form 144 with the Securities and Exchange Commission.

6.     The undersigned has not agreed to act in concert with, and has not acted in concert during the preceding three months with, any person (other than the undersigned) in connection with the sale of Common Stock by the undersigned pursuant to Rule 144.

7.     The Shares will not be delivered to settle any short sales of Common Stock.

8.     The undersigned sold the Shares in "brokers' transactions" within the meaning of Section 4(4) of the Securities Act or in transactions directly with a "market maker," as that term is defined in Section 3(a)(38) of the Exchange Act and the undersigned did not (i) solicit or arrange for the solicitation of orders to buy the Shares in anticipation of or in connection with such transactions or (ii) make any payment in connection with the offer or sale of the Shares to any person other than the broker who executed the order to sell the Shares.

9.     The undersigned has filed a notice on Form 144 relating to the sale of the Shares with the Securities and Exchange Commission and any applicable securities exchange concurrently with placing with a broker the order to execute the sale of the Shares or executing the sale of the Shares directly with the market maker.

10.     It was the bona fide intention of the undersigned to sell the Shares within a reasonable time after the transmittal of the Form 144 referred to above.

11.     The Shares are not securities initially issued by an issuer as defined in paragraph (i) of Rule 144.

12.     The undersigned does not possess any material information in regard to the current and prospective operations and transactions of the Company which has not been publicly disclosed.

2

KE 75824665.2

13.   The undersigned is familiar with Rule 144 and agrees that, in connection with the sale of the Shares, the Company, its transfer agent, their respective agents and representatives and counsel providing a legal opinion with respect to the sale of the Shares are relying on the statements made herein.  Each of such persons may rely on such statements as if this letter were addressed to it.

*   *   *   *

Sincerely,

**Entities**                                      **Natural Persons**

_____          _____
Name of Stockholder*:                  Signature of Stockholder*:

                                                   Robert Guenthner

_____          _____
Name:                                         Print Name*
Title:

\*   Note: You should sign in exactly the same manner as the Shares owned by you are registered and execute a separate Shareholder Representation Letter for each different form in which shares are registered.

3

KE 75824665.2