# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

REGINALD T. ALLISON, Individually and on )
Behalf of All Others Similarly Situated, )
                              )
                  Plaintiff, )
                              )
      vs. )
                              )
OAK STREET HEALTH, INC., ET AL., et al., )
                              )
               Defendants. )
                              )
_____ )

CASE NO. 1:22-CV-00149

CLASS ACTION

JUDGE JEFFREY I. CUMMINGS

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT AND PROVIDING FOR NOTICE**

EXHIBIT A

WHEREAS, a class action is pending before the Court entitled *Allison v. Oak Street Health, Inc. et al.*, No. 1:22-cv-00149 (the "Action");

WHEREAS, (i) Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Boston Retirement System ("Lead Plaintiffs"), and additionally named plaintiff City of Dearborn Police & Fire Revised Retirement System (together, "Plaintiffs"), on behalf of themselves and each of the members of the Settlement Class, as defined below, on the one hand, and (ii) Defendants Oak Street Health, Inc. ("Oak Street Health" or the "Company"); Michael Pykosz; Timothy Cook; Geoff Price; Griffin Myers; General Atlantic LLC n/k/a General Atlantic, L.P.; General Atlantic (OSH) Interholdco, L.P. (together with General Atlantic LLC n/k/a General Atlantic, L.P., "GA"); Newlight Partners LP; Newlight Harbour Point SPV LLC (together with Newlight Partners LP, "Newlight"), Regina Benjamin, Carl Daley, Cheryl Dorsey, Mohit Kaushal, Kim Keck, Julie Klapstein, Paul Kusserow, Robbert Vorhoff, Srdjan Vukovic, J.P. Morgan Securities, Inc., Goldman Sachs & Co. LLC; Morgan Stanley & Co. LLC, William Blair & Company, LLC; and Piper Sandler Companies (collectively, "Defendants" and together with Plaintiffs, the "Parties") on the other hand, have entered into a Stipulation and Agreement of Settlement, dated August 13, 2024 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action on the merits and with prejudice upon the terms and conditions set forth therein;

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed Settlement in accordance

2

with the Stipulation, and directing notice of the Settlement to Settlement Class Members, as more fully described herein;

WHEREAS, the Court having read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement and authorization to retain the Claims Administrator to provide notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement**. The Court has reviewed the Stipulation and the Settlement set forth therein, and preliminarily approves the Settlement and finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate pursuant to Rule 23(e)(2), subject to further consideration at the Final Approval Hearing described below.

2. **Final Approval Hearing**. A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2024, at __:__ _.m., at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, to: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) determine whether a Judgment as defined in ¶1.15 of the Stipulation should be entered herein, dismissing the Action with prejudice against Defendants; (iii) determine whether the proposed Plan of Allocation is fair and reasonable and should be approved; (iv) consider Co-Lead Counsel's application for an award of attorneys' fees and expenses and an application for an award to

3

Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) directly related to their representation of the Settlement Class; and (v) consider such other matters the Court deems appropriate. Notice of the Settlement and the Final Approval Hearing shall be given to the Settlement Class Members as set forth in ¶7 of this Order. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

3. **Class Certification**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Settlement Class of: All persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Oak Street Health during the period from August 6, 2020 through November 8, 2021, both dates inclusive (the "Class Period"), including those who purchased shares of Oak Street Health common stock pursuant to or traceable to the registration statements and prospectuses issued in connection with Oak Street Health's initial public offering on August 6, 2020, its December 2, 2020 secondary public offering, and its February 10, 2021 secondary public offering, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Oak Street Health, GA, Newlight, or Humana, Inc. during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Oak Street Health's employee retirement and employee benefit plan(s); (vi) Humana, Inc.; (vii) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any excluded person; and (viii) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court. Any "Investment Vehicle" shall not be excluded from the Settlement Class. "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual

4

fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

4.      With respect to the Settlement Class, this Court preliminarily finds, for purposes of effectuating this Settlement only, that (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of the Plaintiffs in the Action are typical of the claims of the Settlement Class; (iv) Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of the class action.

5.      For purposes of settlement only, the Court hereby preliminarily certifies Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, Boston Retirement System and City of Dearborn Police & Fire Revised Retirement System as Class Representatives and Robbins Geller Rudman & Dowd LLP and Labaton Keller Sucharow LLP, as Class Counsel.

6.     **Approval of Form and Content of Notice**. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim" or "Claim Form") and the Summary Notice ("Summary Notice"), annexed hereto as Exhibits A-1, A-2 and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶7 of this Notice Order, (i) meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), both as amended by the Private Securities Litigation Reform Act of 1995 and the United States Constitution (including the Due Process Clause); (ii) provide the best notice practicable under the circumstances; (iii) constitute notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Co-Lead Counsel's motion for a Fee and Expense Award, of their right to object to the Settlement, the Plan of Allocation, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; and (iv) shall constitute due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement.

7.     **Retention of Claims Administrator and Manner of Notice**. Co-Lead Counsel is hereby authorized to retain JND Legal Administration ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Within fifteen (15) calendar days of entry of this Notice Order, counsel for Oak Street Health will use best efforts to cause Oak Street Health's transfer agent to provide lists

of purchasers of record during the Class Period and pursuant to the initial public offering, the December 2, 2020 secondary public offering, and the February 10, 2021 secondary public offering, in electronic searchable form, such as Excel, at no cost to the Settlement Class, the Claims Administrator, or Co-Lead Counsel. Defendants will be responsible for issuing notice pursuant to the Class Action Fairness Act of 2005 ("CAFA"), if any;

(b) Not later than _____, 2024 (the "Notice Date") [a date that is twenty (20) calendar days from the date of this Order], the Claims Administrator shall commence mailing a copy of the Notice and the Claim Form, substantially in the forms annexed hereto, (the "Notice Packet") by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort, shall cause a copy of the Notice Packet to be mailed to the brokers and other nominees contained in the Claims Administrator's broker database, and shall post the Notice Packet on a website to be developed for the Settlement. In addition, the Claims Administrator will mail a copy of the Notice Packet to any person who makes such a request;

(c) Not later than _____, 2024 [a date that is seven (7) calendar days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service;

(d) Not later than the Notice Date, the Claims Administrator shall cause the Stipulation and its Exhibits to be posted on the following website: www.OakStreetHealthSecuritiesSettlement.com; and

(e) On or before _____, 2024 [a date that is seven (7) calendar days prior to the Final Approval Hearing], Co-Lead Counsel shall cause to be filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

7

8.      **Nominee Procedures**. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who purchased or otherwise acquired Oak Street Health common stock from August 6, 2020 through November 8, 2021, inclusive, including shares of Oak Street Health common stock pursuant to or traceable to the registration statements and prospectuses issued in connection with Oak Street Health's initial public offering on August 6, 2020, its December 2, 2020 secondary public offering, and its February 10, 2021 secondary public offering, as record owners but not as beneficial owners. Such nominees shall either: (i) mail by First Class Mail or email the Notice Packet to beneficial owners of such Oak Street Health common stock within seven (7) calendar days after receipt of the Notice Packet, or (ii) provide a list of the names, addresses, and email addresses (if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt of the Notice Packet, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Nominees who elect to send the Notice Packet to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees out of the Settlement Fund solely for their reasonable out-of-pocket expenses, of up to $0.03 per name/address provided and up to $0.03 per mailing, plus postage at the Claims Administrator's rate for bulk mailings, incurred in providing notice to beneficial owners who are Settlement Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Nominees who do not intend to comply with the provisions of this paragraph notify the Claims Administrator of that fact.  Properly documented expenses incurred

8

by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

9.      **Participation in the Settlement**. All members of the Settlement Class (except Persons who request exclusion pursuant to ¶12 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Claim Form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

10.     Settlement Class Members who wish to recover from the Settlement shall complete and submit Claim Forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted electronically no later than _____, 2024 [a date that is twenty-one (21) calendar days before the Final Approval Hearing]. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11.     Any Settlement Class Member who does not validly submit a Claim Form within the time provided for or whose Claim is not otherwise approved by the Court: (a) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action concerning the Settlement, including, without limitation, the Judgment, and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; (b) shall be barred from commencing, maintaining, or prosecuting any of the

9

Released Plaintiffs' Claims against each and all of the Released Defendant Parties as more fully described in the Stipulation and Notice; and (c) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund and shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Co-Lead Counsel. Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No Person shall have any claim against Plaintiffs, Co-Lead Counsel, Defendants or their counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

12. **Exclusion from the Settlement Class**. Any Person who purchased/acquired Oak Street Health common stock during the Class Period may, upon request as set forth below, be excluded or "opt out" from the Settlement Class. Any Person who desires to request exclusion from the Settlement Class shall do so in the manner described herein such that the request for exclusion is received no later than _____, 2024 [twenty-one (21) calendar days prior to the Final Approval Hearing]. Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Allison v. Oak Street Health, Inc., et al.*, Case No. 1:22-cv-00149 (N.D. Ill.)"; (iii) state the number of shares of Oak Street Health common stock that the person or entity requesting exclusion purchased/acquired and sold from August 6, 2020 through November 8, 2021, inclusive, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. Upon receiving any request(s) for exclusion, the Claims

10

Administrator shall promptly notify Co-Lead Counsel and counsel for Defendants of such request(s) and provide them copies of such request(s) and the documentation accompanying them by electronic mail. A request for exclusion shall not be effective unless it provides all of the required information and is received within the time period set forth above, or is otherwise accepted by the Court.

13. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action.

14. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment, and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (b) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties, as more fully described in the Stipulation and Notice.

15. **Appearance and Objections at Final Approval Hearing**. Any Member of the Settlement Class who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, individually or through counsel of his, her or its own choice, at his, her or its own expense. Any such notice of appearance must be filed with the Court and delivered to Co-Lead Counsel and Defendants' Counsel Representatives at the addresses set forth in ¶16 below so that it is received no later than _____, 2024 [twenty-one (21) calendar days prior to the

11

Final Approval Hearing]. Settlement Class Members who do not enter an appearance will be represented by Co-Lead Counsel.

16.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the Proposed Plan of Allocation, and/or Co-Lead Counsel's motion for fees and expenses, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel or Plaintiffs; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Plaintiffs, unless that Person has mailed or delivered said objections, papers, and briefs to the Clerk of the United States District Court for the Northern District of Illinois, so that they are received on or before _____, 2024 [a date that is twenty-one (21) calendar days prior to the Final Approval Hearing], and mailed or delivered copies of any such papers to Robbins Geller Rudman & Dowd LLP, Theodore J. Pintar, 655 West Broadway, Suite 1900, San Diego, CA 92101 and Paul, Weiss, Rifkind, Wharton & Garrison LLP, Andrew J. Ehrlich, 1285 Avenue of the Americas, New York, NY 10019-6064, such that they are received on or before the same date. To object, Settlement Class Members must send a letter stating that they object to the Settlement in *Allison v, Oak Street Health, Inc. et al.,* No. 1:22-cv-00149. They must include: (i) their name, address, telephone number, signature; (ii) documentation sufficient to establish membership in the Settlement Class, including documents

12

showing the number of shares of Oak Street Health common stock purchased/acquired from August 6, 2020 through November 8, 2021, inclusive; (iii) documents showing the number of any shares sold, the dates and prices of purchases and of any sales; and (iv) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual bases for the objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional information found in a broker confirmation slip or account statement. In addition, the objector must identify any other class action settlement(s) in which they and their attorney has objected. Objectors who wish to present evidence and/or witnesses at the Final Approval Hearing in support of their objection must include in their written objection the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Any objector who does not make his, her or its objection in the manner provided in this Notice Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel or Plaintiffs, unless otherwise ordered by the Court.

17. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Co-Lead Counsel and whether any application for attorneys' fees or expenses shall be approved.

18. **Settlement Fund**. All funds held by Robbins Geller Rudman & Dowd LLP and Labaton Keller Sucharow LLP (which the Court approves as the Escrow Agent) shall be deemed

13

and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.     **Supporting Papers**. All opening papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees and expenses shall be filed on or before _____, 2024 [a date that is thirty-five (35) calendar days prior to the Final Approval Hearing]. Any reply papers in response to objections shall be filed and served on or before _____, 2024 [a date that is seven (7) calendar days prior to the Final Approval Hearing].

20.     Defendants shall not have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

21.     **Use of this Order**. Neither this Notice Order nor the Stipulation (whether or not consummated), including any exhibits hereto and the Plan of Allocation (or any other plan of allocation that may be approved by the Court), nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, including the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, and/or the approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered or received against any Released Defendant Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Defendant Party of the truth of any allegations by Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has

14

been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Released Parties or in any way referred to for any other reason as against any of the Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (b) shall be offered or received against any Released Defendant Party as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against Plaintiffs, Plaintiffs' Counsel, or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class; (c) shall be offered or received against any Released Defendant Party as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, in any other civil, criminal, or administrative action or proceeding; provided, however, that if the Stipulation is approved by the Court, the Released Parties may refer to it to effectuate the releases granted them hereunder; or (d) shall be construed against Defendants, Plaintiffs, or the Settlement Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

22. **Termination**. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, the Settlement is not approved, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants pursuant to the Stipulation, then this Notice Order shall be rendered null and void, shall be of no further force and effect, except as otherwise provided by and in accordance with the

Stipulation, shall be vacated, shall be without prejudice to the rights of the Plaintiffs, other Settlement Class Members, and Defendants, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of May 16, 2024, as provided in the Stipulation.

23. **Stay of Proceedings and Temporary Injunction**. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs and all Settlement Class Members from, either directly, representatively, or in any other capacity, commencing or prosecuting any and all of the Released Plaintiffs' Claims against each, any, or all Released Defendant Parties in any action or proceeding in any court or tribunal.

24. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to members of the Settlement Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may decide to hold the Final Approval Hearing by telephone or video conference without further mailed notice to the Settlement Class. If the Court orders that the Final Approval Hearing be conducted telephonically or by video conference, that decision will be posted on the website to be developed for the Settlement. Any Settlement Class Member (or his, her, or its counsel) who or which wishes to appear at the Final Approval Hearing should consult the Court's docket and/or the Settlement website for any change in date, time, or format of the hearing. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

DATED: _____        _____
                                     THE HONORABLE JEFFREY I. CUMMINGS
                                     UNITED STATES DISTRICT JUDGE