# Exhibit A-1

Case: 1:22-cv-00149 Document #: 174-3 Filed: 08/16/24 Page 2 of 38 PageID #:4816

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD T. ALLISON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OAK STREET HEALTH, INC., ET AL., et al.,<br><br>Defendants. | CASE NO. 1:22-CV-00149<br><br><u>CLASS ACTION</u><br><br>JUDGE JEFFREY I. CUMMINGS |

**<u>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES</u>**

EXHIBIT A-1

1

*IF YOU PURCHASED OR OTHERWISE ACQUIRED OAK STREET HEALTH, INC. ("OAK STREET HEALTH" OR THE "COMPANY") PUBLICLY TRADED COMMON STOCK DURING THE PERIOD FROM AUGUST 6, 2020 THROUGH NOVEMBER 8, 2021, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.[1]*

**A Federal Court authorized this Notice. This is not a solicitation from a lawyer.**

**PLEASE READ THIS NOTICE CAREFULLY. It explains important rights you may have. If you are a Member of the Settlement Class, your legal rights will be affected whether or not you act.**

**Securities and Time Period:** Oak Street Health common stock (CUSIP No. 67181A107) purchased or otherwise acquired during the period from August 6, 2020 through November 8, 2021, both dates inclusive (the "Class Period"), including those who purchased shares of Oak Street Health common stock pursuant to or traceable to the registration statements and prospectuses issued in connection with Oak Street Health's initial public offering on August 6, 2020 (the "IPO"), its December 2, 2020 secondary public offering (the "December SPO"), and its February 10, 2021 secondary public offering (the "February SPO").

**Settlement Fund:** $60,000,000 in cash. Your recovery will depend on the number of shares of Oak Street Health common stock you purchased/acquired from August 6, 2020 through November 8, 2021, both dates inclusive, the timing of your purchases and any sales, and whether you bought in the IPO, the December SPO, or the February SPO. If claims are submitted for 100% of the allegedly damaged shares of Oak Street Health common stock, the estimated average recovery per damaged share will be approximately $0.70 per share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, Tax Expenses, and

---

[1] Any capitalized terms used in this Notice that are not defined have the meanings given to them in the Stipulation and Agreement of Settlement, dated August 13, 2024 (the "Stipulation"), which is available on the website established for the Settlement at www._____.com.

Notice and Administration Costs), and approximately $0.48 per share after the deduction of the attorneys' fees and expenses discussed below, if claims are submitted for 100% of the eligible shares of Oak Street Health common stock. The actual amount per share that you could receive will depend on a number of factors, which are explained in the Plan of Allocation below on pages ___ to ___.

**Settlement Class:** The Court has preliminarily certified a Settlement Class of all persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Oak Street Health during the period from August 6, 2020 through November 8, 2021, both dates inclusive, including those who purchased shares of Oak Street Health common stock pursuant to or traceable to the registration statements and prospectuses issued in connection with Oak Street Health's initial public offering on August 6, 2020, its December 2, 2020 secondary public offering, and its February 10, 2021 secondary public offering, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Oak Street Health, GA, Newlight, or Humana, Inc. during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Oak Street Health's employee retirement and employee benefit plan(s); (vi) Humana, Inc.; (vii) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any excluded person; and (viii) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.[2]

---

[2] Any "Investment Vehicle" is not excluded from the Settlement Class. "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

**Reasons for Settlement:** The Parties have agreed to settle the case. The Settlement avoids the costs and risks associated with continued litigation, including the danger of no recovery for the Settlement Class, and provides a near-term cash benefit to the Settlement Class now. Here, the Parties were in the midst of discovery efforts at the time the Settlement was reached. The benefit of the Settlement must be considered against the risk that a smaller recovery—or no recovery at all—might be achieved after full discovery, class certification, summary judgment, a trial of the Action, and the likely appeals that would follow a trial. Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Settlement Class Member was damaged, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

**If the Case Had Not Settled:** The Settlement must be compared to the risk of no recovery after contested motions, trial, and likely appeals. A trial is a risky proposition, and Plaintiffs might not have prevailed. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. The Parties do not agree on whether Plaintiffs would have prevailed on their claims against Defendants. Nor do they agree on whether and to what extent the Settlement Class suffered any damages, including the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among the many key issues about which the two sides do not agree are: (1) whether any of the Defendants violated the securities laws, the federal Anti-Kickback Statute, or the False Claims Act; (2) whether the statements alleged by Lead Plaintiffs were material, false, misleading or otherwise actionable under the securities laws; (3) whether the various facts alleged by the Lead Plaintiffs influenced the trading prices of Oak Street Health common stock during the relevant period; (4) the method for determining whether the prices of Oak Street Health common stock were artificially

4

inflated during the relevant period; (5) the amount (if any) of such inflation; and (6) the amount of damages (if any) that could be recovered at trial. Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving raise to any liability or violation of law, and deny that Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Attorneys' Fees and Expenses:** Plaintiffs' Counsel have not received any payment for their work investigating the facts, pursuing this Action and negotiating the Settlement on behalf of the Plaintiffs and the Settlement Class.[3] Co-Lead Counsel will ask the Court, on behalf of Plaintiffs' Counsel, for attorneys' fees not to exceed 29% of the Settlement Amount, plus accrued interest, and expenses in an amount not to exceed $1,000,000, plus accrued interest, to be paid from the Settlement Fund. In addition, Plaintiffs may request awards not to exceed $40,000 pursuant to the Private Securities Litigation Reform Act of 1995 in connection with their representation of the Settlement Class. If the above amounts are requested and approved by the Court, the average cost will be approximately $0.22 per allegedly damaged share of common stock if claims are submitted for 100% of the eligible shares of Oak Street Health common stock.

**Identification of Representatives**

Plaintiffs and the Settlement Class are represented by Co-Lead Counsel, Christine M. Fox, Labaton Keller Sucharow LLP, 140 Broadway, New York, New York, 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com; and James E. Barz, Robbins Geller Rudman & Dowd LLP, 200 South Wacker Drive, 31st Floor, Chicago, IL 60606, (630) 606-4107, www.rgrdlaw.com.

---

[3] "Plaintiffs' Counsel" are Robbins Geller Rudman & Dowd LLP, Labaton Keller Sucharow LLP, and The Law Office of Racine & Associates.

Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *Oak Street Health Securities Settlement*, c/o JND Legal Administration, [Address], [Phone], [email], [Website].

**If you are a member of the Settlement Class, your legal rights are affected whether you act or don't act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A CLAIM FORM ON OR BEFORE _____, 2024** | The <u>only</u> way to get a payment. If you are a Settlement Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in Question 13 below) that you have against Released Defendant Parties (defined in Question 13 below), so it is in your interest to submit a Claim Form. *See* Question 11 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS ON OR BEFORE _____, 2024** | Get no payment from the Settlement. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. *See* Question 14 for details. |
| **OBJECT ON OR BEFORE _____, 2024** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Co-Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 19 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2024 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2024** | Ask to speak in Court at the Final Approval Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application. *See* Question 23 for details. [4] |
| **DO NOTHING** | Get no payment. Give up any rights to sue about the claims that are being resolved by the Settlement. You will still be bound by the terms of the Settlement and any orders or judgments entered by the Court in the Action. |

---

[4] The Court may change this date to a later date and/or time without further written notice to you. However, any different date or time will be posted on the Settlement website: www._____.com.

- These rights and options – and the deadlines to exercise them – are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

**BASIC INFORMATION**

**1. Why Did I Receive This Notice Packet?**

You or someone in your family may have purchased or otherwise acquired Oak Street Health publicly traded common stock from August 6, 2020 through November 8, 2021, both dates inclusive, including pursuant to or traceable to the registration statements and prospectuses issued in connection with Oak Street Health's IPO on August 6, 2020, its December 2, 2020 SPO, and/or its February 10, 2021 SPO. **Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.** The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.

The Court directed that you be sent this Notice because you have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows. This packet explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of Illinois, and the case is known as *Allison v. Oak Street Health Inc., et al.*, No. 1:22-cv-00149. The Action is assigned to the Honorable Jeffrey I. Cummings. The issuance of this Notice is not

7

an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments to eligible Settlement Class Members pursuant to the Settlement after any objections and appeals are resolved.

Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Boston Retirement System are the Lead Plaintiffs and, together with additionally named plaintiff City of Dearborn Police & Fire Revised Retirement System, they are the "Plaintiffs." Oak Street Health, Inc.; Michael Pykosz; Timothy Cook; Geoff Price; Griffin Myers; General Atlantic LLC; General Atlantic (OSH) Interholdco, L.P. (together with General Atlantic LLC n/k/a General Atlantic, L.P., "GA"); Newlight Partners LP; and Newlight Harbour Point SPV LLC (together with Newlight Partners LP, "Newlight"), Regina Benjamin, Carl Daley, Cheryl Dorsey, Mohit Kaushal, Kim Keck, Julie Klapstein, Paul Kusserow, Robbert Vorhoff, Srdjan Vukovic, J.P. Morgan Securities, Inc., Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, William Blair & Company, LLC, and Piper Sandler Companies are the Defendants.

### 2.     What Is This Lawsuit About?

This case was brought as a class action alleging violations of §§11, 12, and 15 of the Securities Act of 1933 ("Securities Act") and §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and SEC Rule 10b-5 promulgated thereunder, on behalf of a class of all persons and entities who or which purchased or otherwise acquired Oak Street Health common stock from August 6, 2020 through November 8, 2021, inclusive, including those who purchased shares of Oak Street Health common stock pursuant to or traceable to the registration statements

8

and prospectuses issued in connection with Oak Street Health's IPO on August 6, 2020, its December 2, 2020 SPO, and its February 10, 2021 SPO.

Among other things, the Complaint alleges that during the Class Period, Defendants made false and misleading statements and omissions to investors concerning certain of Oak Street Health's patient acquisition tactics including paying for referrals and marketing free transportation to prospective patients, which Lead Plaintiffs claim violates the federal Anti-Kickback Statute and/or False Claims Act. Lead Plaintiffs allege the false and/or misleading statements artificially inflated Oak Street Health's stock price and when the truth was eventually disclosed, the price of Oak Street Health's stock declined, resulting in substantial damages to the Class. Thus, Lead Plaintiffs allege that Class Members overpaid for Oak Street Health common stock during the relevant time period. Defendants have vigorously denied and continue to vigorously deny all allegations of wrongdoing asserted in the Action and have vigorously denied and continue to vigorously deny any liability whatsoever to any member of the Settlement Class.

**3.      What Has Happened So Far in This Case?**

The initial complaint was filed on January 10, 2022 (ECF No. 1), and on March 25, 2022, the Court appointed Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan (the "CPTPF Benefit Plan"), Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 (the "CPTPF Retirement Plan" and together with the CPTPF Benefit Plan, the "CPTPF Plans"), and Boston Retirement System ("BRS") as Lead Plaintiffs and the firms Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Labaton Keller Sucharow LLP ("Labaton") as Co-Lead Counsel. (ECF No. 30).

The operative complaint in the Action is Lead Plaintiffs' Complaint for Violations of the Federal Securities Laws (the "Complaint") filed on May 25, 2022. (ECF No. 40.). The Complaint

9

alleges violations of §§11, 12, and 15 of the Securities Act and §§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder. The Complaint alleges that during the Class Period, Defendants made false and misleading statements and omissions to investors concerning certain of Oak Street Health's patient acquisition tactics, including paying for referrals and marketing free transportation to prospective patients. Lead Plaintiffs allege the false statements artificially inflated Oak Street Health's stock price and when the truth was eventually disclosed, the price of Oak Street Health's stock declined, resulting in substantial damages to the Class. (ECF No. 40).

On February 10, 2023, the Court (Judge Matthew F. Kennelly) issued an Order granting in part and denying in part Defendants' motion to dismiss. (ECF No. 74). The Court granted Defendants' motion to dismiss with respect to the Section 12(a)(2) claim in its entirety and the Section 11 claim only with respect to alleged misrepresentations and omissions from Oak Street's May 26, 2021 secondary offering, but the motion to dismiss was otherwise denied. On October 26, 2023, the case was reassigned case from Judge Matthew F. Kennelly to Judge Jeffrey I. Cummings. (ECF No. 123).

On December 15, 2023, Plaintiffs filed a Motion for Class Certification seeking to certify the class and appoint BRS, the CPTPF Plans, and additionally named plaintiff City of Dearborn Police & Fire Revised Retirement System ("Dearborn") as class representatives and Robbins Geller and Labaton as Class Counsel. (ECF Nos. 134, 135). On February 20, 2024, after deposing representatives from BRS, the CPTPF Plans, Dearborn, and the investment managers which transacted in Oak Street Health stock during the Class Period for each of the Plaintiffs, Defendants filed their opposition to Plaintiffs' motion for class certification. (ECF No. 145). On April 22, 2024, Plaintiffs filed their reply in further support of their motion for class certification. (ECF No.

162). The motion for class certification remained pending when the Parties agreed to settle the Action.

The case has been in fact discovery since early 2023 and more than 3.5 million pages of documents were produced by the Parties and non-parties. Fact depositions were underway at the time of settlement. Sixteen fact depositions and two class certification expert deposition had been taken.

On March 12, 2024, certain of the Parties participated in an in-person mediation session with a well-respected mediator, Robert A. Meyer of JAMS, who has extensive experience mediating complex class action litigations such as this Action. Following the mediation session, which did not result in an agreement, Mr. Meyer and the Parties spent two months continuing to negotiate a potential settlement. On May 16, 2024, the Parties agreed to settle the Action based upon a Mediator's Proposal issued by Robert Meyer.

**4.    Why Is This a Class Action?**

In a class action, a class representative (in this case, the Court-appointed Lead Plaintiffs and additionally named plaintiff Dearborn) sues on behalf of people who have similar claims. Here, all these people are called the Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who timely and validly exclude themselves from the Settlement Class.

**5.    Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way they avoid the cost and uncertainty of a trial, and eligible Settlement Class Members who submit valid claims will receive compensation. Plaintiffs and Co-Lead Counsel think the Settlement is best for all Settlement Class Members.

11

**WHO IS IN THE SETTLEMENT**

To see if you will receive money from this Settlement, you first have to determine if you are a Settlement Class Member.

**6.      How Do I Know if I Am Part of the Settlement Class?**

The Court directed that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (see Question 7 below) or take steps to exclude themselves from the Settlement Class (see Question 14 below).

> All persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Oak Street Health during the period from August 6, 2020 through November 8, 2021, both dates inclusive, (the Class Period) including those who purchased shares of Oak Street Health common stock pursuant to or traceable to the registration statements and prospectuses issued in connection with Oak Street Health's initial public offering on August 6, 2020, its December 2, 2020 secondary public offering, and its February 10, 2021 secondary public offering, and were allegedly damaged thereby.

**7.      What Are the Exceptions to Being Included?**

Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Oak Street Health, GA, Newlight, or Humana, Inc. during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Oak Street Health's employee retirement and employee benefit plan(s); (vi) Humana, Inc.; (vii) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any excluded person; and (viii) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

Any "Investment Vehicle" is not excluded from the Settlement Class. "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may

act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

If you only sold Oak Street Health common stock during the Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you purchased or otherwise acquired Oak Street Health common stock during the Class Period.

Please note that receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth in Question 11 below **no later than _____, 2024**.

**8. What if I'm Still Not Sure if I Am Included?**

If you are still not sure whether you are included, you can ask for free help. You can contact a representative of Co-Lead Counsel: Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, (800) 449-4900, settlementinfo@rgrdlaw.com and Christine M. Fox, Labaton Sucharow LLP, 140 Broadway, New York, New York 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com, for more information. Or you can fill out and return the Claim Form described in Question 11, to see if you qualify.

**PLEASE DO NOT CALL THE COURT OR DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT**

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**9. What Does the Settlement Provide?**

Defendants have agreed to cause the payment of $60 million in cash, which may accrue interest (the "Settlement Fund"). The balance of this fund after payment of Court-approved

13

attorneys' fees and expenses, any award to Plaintiffs, the costs of notice and claims administration, and Taxes and Tax Expenses (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in valid Claim Forms.

**10.     How Much Will My Payment Be? What Is the Plan of Allocation?**

Your share of the Net Settlement Fund will depend on several things, including the total value of valid claims of Settlement Class Members, compared to the amount of your claim, as calculated under the Plan of Allocation described below.

The Plan of Allocation set forth below is the plan that is being proposed by Lead Plaintiffs and their counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at: _____.

The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among members of the Settlement Class who submit valid Claim Forms ("Authorized Claimants") based on their respective alleged economic losses resulting from the violations of the federal securities laws alleged in the Action.

The Claims Administrator shall determine each Claimant's "Recognized Claim" and Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formulas below are the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants. This plan was developed in consultation with Co-Lead Counsel's consulting damages expert. The plan, however, is not a formal damages analysis and the Recognized Claim formulas are not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.

14

All purchases and acquisitions of Oak Street Health common stock during the Class Period (August 6, 2020 through November 8, 2021), and held through an allegedly corrective disclosure, are potentially eligible for compensation based on claims asserted under Section 10(b) of the Exchange Act. In addition, certain purchases of Oak Street Health common stock during the Class Period—shares that were purchased in or traceable to the August 6, 2020 IPO or purchased in the December 2, 2020 SPO or the February 10, 2021 SPO—are also potentially eligible for compensation based on claims asserted under Section 11 of the Securities Act.

## I.  CALCULATION OF RECOGNIZED CLAIMS

For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of Oak Street Health common stock will first be matched on a First In/First Out ("FIFO") basis. Class Period sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. A "Recognized Loss Amount" will be calculated as set forth below for each purchase or acquisition of Oak Street Health common stock during the Class Period that is listed in the Claim Form and for which adequate documentation is provided.

The Recognized Loss Amount for each purchase or acquisition of Oak Street Health common stock during the Class Period will be the greater of (a) the Exchange Act Recognized Loss Amount, if any, or (b) the Securities Act Recognized Loss Amount, if any, multiplied by 1.15.[5] To the extent that the calculation of a Recognized Loss Amount results in a negative number (a gain), that number shall be set to zero. The calculation of a Recognized Loss Amount will depend upon several factors, including when the Oak Street Health common stock was purchased

---

[5] The Securities Act does not require a plaintiff to prove, for example, that a defendant acted with scienter. To reflect the difference in the standard of proof under the Securities Act Claims and Exchange Act Claims, the Securities Act Recognized Loss Amounts will be multiplied by 1.15.

15

or acquired, how many shares were acquired, whether the shares were ever sold, and, if so, when they were sold and for what amounts.

In addition, the Claims Administrator will determine whether each Claimant had a "market gain" or "market loss" on all purchases/acquisitions during the Class Period.[6] If a Claimant had an overall market gain, the value of the Claimant's "Recognized Claim" shall be zero and such Claimants will not recover from the Settlement. However, such Claimants will still be bound by the Settlement. If a Claimant had an overall market loss, the value of the Claimant's Recognized Claim shall be the lesser of (a) the overall market loss; and (b) the sum total of the Claimant's aggregate Recognized Loss Amounts based on the calculations below.

**Exchange Act Claims**

For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period which allegedly artificially inflated the price of Oak Street Health common stock. It is alleged that corrective information released to the market on November 8, 2021, after market close, impacted the market price of Oak Street Health common stock on November 9, 2021 in a statistically significant manner and removed alleged artificial inflation from the Oak Street Health common stock share price. Accordingly, in order to have a compensable loss in this Settlement under the Exchange Act, shares of Oak Street Health common

---

[6] After matching on a FIFO basis as explained above, market gains and losses for Class Period purchases/acquisitions will be calculated based on purchase/acquisition price minus (i) the sale price, if sold prior to November 9, 2021, (ii) the average closing price from November 9, 2021 up to the date of sale as set forth in Table 1 below, if sold between November 9, 2019 and February 4, 2022, or (iii) $28.97, if held as of the close of trading on February 4, 2022.

16

stock must have been purchased or acquired during the Class Period and held through November 8, 2021.

The formula set forth below calculates an "Exchange Act Recognized Loss Amount" for each purchase or acquisition of Oak Street Health common stock during the Class Period that is listed in the Claim Form and for which adequate documentation is provided. Exchange Act Recognized Loss Amounts are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the prices of Oak Street Health common stock at the time of purchase/acquisition and at the time of sale, or the difference between the actual purchase/acquisition price and sale price.

**Exchange Act Recognized Loss Amounts**

**For each share of Oak Street Health common stock purchased or otherwise acquired from August 6, 2020 through and including November 8, 2021, and**:

A. Sold before November 9, 2021, the Exchange Act Recognized Loss Amount for each such share shall be zero.[7]

B. Sold during the period from November 9, 2021 through February 4, 2022, the Exchange Act Recognized Loss Amount for each such share shall be *the least of*:

   1. $4.57; or

   2. the actual purchase/acquisition price of each such share *minus* the average closing price from November 9, 2021, up to the date of sale as set forth in **Table 1** below; or

   3. the purchase/acquisition price *minus* the sale price.

C. Held as of the close of trading on February 4, 2022, the Exchange Act Recognized Loss Amount for each such share shall be *the lesser of*:

   1. $4.57; or

   2. the purchase/acquisition price of each such share *minus* $28.97.[8]

---

[7] Any transactions in Oak Street Health common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[8] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of

17

**Securities Act Claims**

Securities Act claims were asserted with respect to shares of Oak Street Health common stock purchased or otherwise acquired during the Class Period pursuant or traceable to the IPO or the two SPOs. The Plan of Allocation presumes that, because the IPO was an initial offering of the security, all shares of Oak Street Health stock purchased from the initial offering of the security on August 6, 2020 through December 1, 2020 are traceable to the IPO and potentially eligible for recovery under the Securities Act. The first SPO occurred on December 2, 2020 and second SPO occurred on February 10, 2021. As set forth below, certain shares of Oak Street Health common stock that were purchased at the offering prices and at the times of the offerings are presumed to have been purchased/acquired pursuant or traceable to the first and second SPOs under this Plan of Allocation, and such shares are potentially eligible for recovery under the Securities Act.

The statutory formula for the calculation of damages under Section 11 of the Securities Act serves as a guide for the calculation of the "Securities Act Loss Amounts" under the Plan of Allocation. For purposes of the Securities Act calculations, May 25, 2022, the date of filing of the operative complaint in the Action, is considered to be the "date of suit," and May 1, 2023, the last date that Oak Street Health common stock traded, is considered to be the "date of judgment."

---

damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Oak Street Health common stock during the "90-day look-back period," November 9, 2021 through February 4, 2022. The mean (average) closing price for Oak Street Health common stock during this 90-day look-back period was $28.97.

**Securities Act Recognized Loss Amounts**

**For each share of Oak Street Health common stock purchased or otherwise acquired in the August 6, 2020 IPO through December 1, 2020 and:**

A. Sold before November 9, 2021, the Securities Act Recognized Loss Amount for each such share shall be zero.

B. Sold on or after November 9, 2021 and before May 25, 2022, the Securities Act Recognized Loss Amount for each such share shall be *the lesser of*: (1) the purchase/acquisition price per share (not to exceed the issue price at the Offering of $21.00 per share) *minus* the sale price per share; or (2) $4.57.

C. Sold from May 25, 2022 through the close of trading on May 1, 2023, the Securities Act Recognized Loss Amount for each such share shall be *the lesser of*: (1) the purchase/acquisition price per share (not to exceed the issue price at the Offering of $21.00 per share) *minus* the sale price per share (not to be less than $17.37 per share, the closing price on May 25, 2022); or (2) $4.57.

D. Retained through the close of trading on May 1, 2023, the Securities Act Recognized Loss Amount for each such share shall be *the lesser of*: (1) the purchase/acquisition price per share (not to exceed the issue price at the Offering of $21.00 per share) *minus* $17.37 per share, the closing price on May 25, 2022; or (2) $4.57.

**For each share of Oak Street Health common stock purchased or otherwise acquired in the December 2, 2020 SPO,[9] and**

A. Sold before November 9, 2021, the Securities Act Recognized Loss Amount for each such share shall be zero.

B. Sold on or after November 9, 2021 and before May 25, 2022, the Securities Act Recognized Loss Amount for each such share shall be *the lesser of*: (1) the purchase/acquisition price per share (not to exceed the issue price at the December Secondary Offering of $46.00 per share) *minus* the sale price per share; or (2) $4.57.

C. Sold from May 25, 2022 through the close of trading on May 1, 2023, the Securities Act Recognized Loss Amount for each such share shall be *the lesser of*: (1) the purchase/acquisition price per share (not to exceed the issue price at the December Secondary Offering of $46.00 per share) *minus* the sale price per share (not to be less than $17.37 per share, the closing price on May 25, 2022); or (2) $4.57.

D. Retained through the close of trading on May 1, 2023, the Securities Act Recognized Loss Amount for each such share shall be *the lesser of*: (1) the purchase/acquisition price per

---

[9] The Plan of Allocation presumes that shares of Oak Street Health common stock purchased/acquired at the Secondary Offering price of $46.00 per share between December 2, 2020 and December 7, 2020 were purchased/acquired pursuant or traceable to the December SPO. Claimants must provide adequate documentation of these conditions, as specified herein.

19

share (not to exceed the issue price at the December Secondary Offering of $46.00 per share) *minus* $17.37 per share, the closing price on May 25, 2022; or (2) $4.57.

**For each share of Oak Street Health common stock purchased or otherwise acquired in the February 10, 2021 SPO,[10] and**

A. Sold before November 9, 2021, the Securities Act Recognized Loss Amount for each such share shall be zero.

B. Sold on or after November 9, 2021 and before May 25, 2022, the Securities Act Recognized Loss Amount for each such share shall be *the lesser of*: (1) the purchase/acquisition price per share (not to exceed the issue price at the February Secondary Offering of $56.00 per share) *minus* the sale price per share; or (2) $4.57.

C. Sold from May 25, 2022 through the close of trading on May 1, 2023, the Securities Act Recognized Loss Amount for each such share shall be *the lesser of*: (1) the purchase/acquisition price per share (not to exceed the issue price at the February Secondary Offering of $56.00 per share) *minus* the sale price per share (not to be less than $17.37 per share, the closing price on May 25, 2022); or (2) $4.57.

D. Retained through the close of trading on May 1, 2023, the Securities Act Recognized Loss Amount for each such share shall be *the lesser of*: (1) the purchase/acquisition price per share (not to exceed the issue price at the February Secondary Offering of $56.00 per share) *minus* $17.37 per share, the closing price on May 25, 2022; or (2) $4.57.

## II.  ADDITIONAL PROVISIONS

Purchases, acquisitions, and sales of Oak Street Health common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance or operation of law of Oak Street Health common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of these shares of Oak Street Health common stock for the calculation of a Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such Oak Street Health common stock, unless (i) the donor or decedent purchased such shares of Oak Street Health common stock during the Class Period;

---

[10] The Plan of Allocation presumes that shares of Oak Street Health common stock purchased/acquired at the Secondary Offering price of $56.00 per share between February 10, 2021 and February 16, 2021 were purchased/acquired pursuant or traceable to the February SPO. Claimants must provide adequate documentation of these conditions.

(ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Oak Street Health common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

Oak Street Health common stock is the only security eligible for recovery under the Plan of Allocation. With respect to Oak Street Health common stock purchased/acquired or sold through the exercise of an option, the purchase/sale date of the Oak Street Health common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

21

Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund; however, they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action unless they have timely and validly sought exclusion.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions in an economical manner, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund, shall be contributed to Consumer Federation of America.

Please contact the Claims Administrator or Co-Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Claim Form. If you are

dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over the claims administration process, to decide the issue by submitting a written request.

Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, their damages expert, the Claims Administrator, or other agent designated by Plaintiffs' Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Released Defendant Parties shall have no responsibility for, or liability whatsoever for, the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

**TABLE 1**

**Oak Street Health Common Stock Closing Price and Average Closing Price**
**November 9, 2021 – February 4, 2022**

| Date | Closing Price | Average Closing Price Between November 9, 2021 and Date Shown | | Date | Closing Price | Average Closing Price Between November 9, 2021 and Date Shown |
|---|---|---|---|---|---|---|
| 11/9/2021 | $37.14 | $37.14 | | 12/23/2021 | $35.10 | $33.77 |
| 11/10/2021 | $36.13 | $36.64 | | 12/27/2021 | $35.18 | $33.81 |
| 11/11/2021 | $36.95 | $36.74 | | 12/28/2021 | $33.88 | $33.82 |
| 11/12/2021 | $38.52 | $37.19 | | 12/29/2021 | $33.72 | $33.81 |
| 11/15/2021 | $39.85 | $37.72 | | 12/30/2021 | $35.07 | $33.85 |
| 11/16/2021 | $40.60 | $38.20 | | 12/31/2021 | $33.14 | $33.83 |
| 11/17/2021 | $39.55 | $38.39 | | 1/3/2022 | $34.51 | $33.85 |
| 11/18/2021 | $37.02 | $38.22 | | 1/4/2022 | $32.08 | $33.80 |

23

| Date | Closing Price | Average Closing Price Between November 9, 2021 and Date Shown | Date | Closing Price | Average Closing Price Between November 9, 2021 and Date Shown |
|---|---|---|---|---|---|
| 11/19/2021 | $36.33 | $38.01 | 1/5/2022 | $30.05 | $33.71 |
| 11/22/2021 | $33.60 | $37.57 | 1/6/2022 | $26.74 | $33.54 |
| 11/23/2021 | $32.37 | $37.10 | 1/7/2022 | $25.47 | $33.35 |
| 11/24/2021 | $32.96 | $36.75 | 1/10/2022 | $24.70 | $33.14 |
| 11/26/2021 | $30.77 | $36.29 | 1/11/2022 | $26.50 | $32.99 |
| 11/29/2021 | $30.67 | $35.89 | 1/12/2022 | $25.38 | $32.82 |
| 11/30/2021 | $30.95 | $35.56 | 1/13/2022 | $23.56 | $32.62 |
| 12/1/2021 | $30.10 | $35.22 | 1/14/2022 | $22.00 | $32.40 |
| 12/2/2021 | $30.90 | $34.97 | 1/18/2022 | $20.14 | $32.14 |
| 12/3/2021 | $28.40 | $34.60 | 1/19/2022 | $19.50 | $31.88 |
| 12/6/2021 | $30.12 | $34.36 | 1/20/2022 | $19.12 | $31.63 |
| 12/7/2021 | $31.70 | $34.23 | 1/21/2022 | $17.48 | $31.35 |
| 12/8/2021 | $32.59 | $34.15 | 1/24/2022 | $18.22 | $31.10 |
| 12/9/2021 | $31.49 | $34.03 | 1/25/2022 | $17.09 | $30.83 |
| 12/10/2021 | $31.48 | $33.92 | 1/26/2022 | $15.92 | $30.56 |
| 12/13/2021 | $32.58 | $33.87 | 1/27/2022 | $15.01 | $30.27 |
| 12/14/2021 | $32.59 | $33.81 | 1/28/2022 | $15.62 | $30.01 |
| 12/15/2021 | $32.85 | $33.78 | 1/31/2022 | $17.38 | $29.79 |
| 12/16/2021 | $31.21 | $33.68 | 2/1/2022 | $18.09 | $29.59 |
| 12/17/2021 | $33.97 | $33.69 | 2/2/2022 | $16.71 | $29.37 |
| 12/20/2021 | $33.36 | $33.68 | 2/3/2022 | $17.22 | $29.17 |
| 12/21/2021 | $34.20 | $33.70 | 2/4/2022 | $16.80 | $28.97 |
| 12/22/2021 | $34.61 | $33.73 | | | |

24

**HOW YOU OBTAIN A PAYMENT – SUBMITTING A CLAIM FORM**

**11.    How Can I Obtain a Payment?**

To qualify for a payment, you must be an eligible Settlement Class Member, send in a timely and valid Claim Form, and properly document your claim as requested in the Claim Form. A Claim Form is enclosed with this Notice, or it may be downloaded at www._____.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and either mail it so that it is postmarked **no later than _____, 2024** or submit it online at www._____.com by **no later than _____, 2024**.

**12.    When Will I Receive My Payment?**

The Court will hold a hearing **on _____, 2024, at ____:____ _.m.**, to decide whether to approve the Settlement. If Judge Cummings approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them and the claims administration process takes time, perhaps several years. Please be patient.

**13.    What Am I Giving Up to Receive a Payment or Stay in the Settlement Class?**

Unless you timely and validly exclude yourself, you are a Member of the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or any of the other Released Defendant Parties about the Released Plaintiffs' Claims. It also means that all of the Court's orders, including a judgment ("Judgment") dismissing the Action with prejudice on the merits, will apply to you and legally bind you.

"Related Parties" means each of a Defendant's or Plaintiff's past or present directors, officers, employees, partners, trustees, trusts, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, managing agents, administrators, attorneys, accountants, auditors, bankers, contractors, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions,

25

investment funds, joint ventures, general or limited partnerships, limited liability companies, affiliates, assigns, assignees, spouses, heirs, executors, estates, beneficiaries, related or affiliated entities (including their employees, directors, members, and partners), any entity in which a Defendant or Plaintiff has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

"Released Plaintiffs' Claims" means any and all claims (including Unknown Claims as defined in the Stipulation), and causes of action of every nature and description, whether known or unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action, including in any complaint or pleading therein; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action and (2) the purchase, acquisition, sale, or disposition of Oak Street Health publicly traded common stock during the Class Period. Released Plaintiffs' Claims shall be interpreted and enforced to the full extent permitted by law. Released Plaintiffs' Claims shall not include claims to enforce the Settlement or any governmental or regulatory claims against the Defendants and their Related Parties, including any arising out of any investigation of Oak Street Health by the United States Department of Justice.

"Released Defendant Parties" means each and all of the Defendants, and each and all of their respective Related Parties.

"Released Parties" means each and all of the Released Defendant Parties and the Released Plaintiff Parties.

"Released Plaintiff Parties" means each and all of the Plaintiffs, and each and all of their respective Related Parties.

"Unknown Claims" means (a) any and all Released Plaintiffs' Claims that Plaintiffs or any other Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Defendant Parties, or might have affected his, her or its decision not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that the Released Defendant Parties do not know or suspect to exist in his, her or its favor at the time of the release of the Released Plaintiff Parties, which, if known by him, her, or it, might have affected his, her, or its settlement and release of the Released Plaintiff Parties. With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against the Released Plaintiff Parties, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly and each of the other Settlement Class Members and Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law any and all provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties shall each expressly waive and each Settlement Class Member and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly

27

waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Plaintiffs, Settlement Class Members, and Released Defendant Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) Plaintiffs shall each expressly, fully, finally and forever settle and release, and each other Settlement Class Member, upon the Effective Date, shall be deemed to have fully, finally and forever settled and released, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have or will exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) Defendants shall each expressly, fully, finally and forever settle and release, and each other Released Defendant Parties, upon the Effective Date, shall be deemed to have fully, finally and forever settled and released, any and all Released Defendants' Claims against the Released Plaintiff Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have or will exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and the Settlement Class Members and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

28

The Judgment will also provide that upon the Effective Date, without any further action by anyone, Plaintiffs and each of the Settlement Class Members, and their respective Related Parties, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, against the Released Defendant Parties (whether or not such Settlement Class Member executes and delivers a Proof of Claim) any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims). These releases and waivers were separately bargained for and are essential elements of the Stipulation and the Settlement.

Moreover, upon the Effective Date, Plaintiffs and all Settlement Class Members, and their respective Related Parties, in their capacities as such, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Defendant Parties, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims).

### EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to sue or continue to sue the Defendants or any other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as opting out of the class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you should consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

29

**14.     How Do I Get Out of the Settlement Class?**

To exclude yourself from the Settlement Class you must send a letter by mail stating that you want to be excluded from *Allison v. Oak Street Health, Inc., et al.*, No. 1:22-cv-00149. Your request for exclusion must: (1) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (2) state that such person or entity "requests exclusion from the Settlement Class in *Allison v. Oak Street Health, Inc., et al.*, Case No. 1:22-cv-00149 (N.D. Ill.)"; (3) state the number of shares of Oak Street Health common stock the person or entity requesting exclusion purchased/acquired/and sold from August 6, 2020 though November 8, 2021, inclusive, as well as the dates and prices of each such purchase/acquisition and sale; and (4) be signed by the person or entity requesting exclusion or an authorized representative. You must mail your exclusion request so that it is *received no later than _____, 2024*, to:

> *Oak Street Health Securities Settlement*
> c/o JND Legal Administration
> EXCLUSIONS
> [Add Address]

You cannot exclude yourself on the phone or by e-mail. If you properly ask to be excluded, you cannot submit a Claim Form, because you are not eligible to receive any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

Please note, however, if you decide to exclude yourself from the Settlement Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

30

**15.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you timely and validly exclude yourself, you give up any right to sue the Defendants and the Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of these parties, including the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is _____, 2024.

**16.    If I Exclude Myself, Can I Receive Money From This Settlement?**

No. If you exclude yourself, do not send in a Claim Form. But you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Plaintiffs' Claims against the Defendants and the other Released Defendant Parties.

### THE LAWYERS REPRESENTING YOU

**17.    Do I Have a Lawyer in This Case?**

The Court appointed the law firms of Robbins Geller Rudman & Dowd LLP and Labaton Keller Sucharow LLP to represent you and other Settlement Class Members. These lawyers are called Co-Lead Counsel. You will not be directly charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.    How Will the Lawyers Be Paid?**

Co-Lead Counsel will, on behalf of all Plaintiffs' Counsel, ask the Court for attorneys' fees not to exceed 29% of the Settlement Amount, plus interest that is accrued, and for expenses in an amount not to exceed $1,000,000, plus accrued interest. The amounts that are approved by the Court will be deducted from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on

31

a wholly contingent basis. Plaintiffs' Counsel have committed a substantial amount of time and significant expenses in litigating this case for the benefit of the Settlement Class. To date, Plaintiffs' Counsel have not been paid for their services in conducting this Action on behalf of Plaintiffs and the Settlement Class, nor for their expenses. The fees requested will compensate counsel for their work in achieving the Settlement. The Court will decide what is a reasonable fee award and may award less than the amount requested by Co-Lead Counsel.

### OBJECTING TO THE SETTLEMENT AND RELATED RELIEF

You can tell the Court that you do not agree with the Settlement or some part of it.

**19. How Do I Tell the Court That I Do Not Like Something About the Settlement?**

If you are a Settlement Class Member, you can object if you do not like any part of the Settlement and explain why (i) the Settlement should or should not be approved as fair, reasonable, and adequate; (ii) the Judgment should or should not be entered; (iii) the Plan of Allocation should or should not be approved, or (iv) the request for attorneys' fees and expenses should or should not be awarded by the Court. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Allison v. Oak Street Health, Inc., et al.*, No. 1:22-cv-00149. You must include: (i) your name, address, telephone number, and your signature; (ii) documentation sufficient to establish your membership in the Settlement Class, including documents showing the number of shares of Oak Street Health common stock you purchased/acquired from August 6, 2000 through November 8, 2021, inclusive; (iii) documents showing the number of any shares sold, the dates and prices of purchases and of any sales; and (iv) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual bases for the objection and whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation

32

slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. In addition, you must identify any other class action settlement(s) in which you and your attorney has objected. If you intend to present evidence or witnesses, you must disclose that information and explain it in your objection. Any objection *must* be mailed or delivered so that it is **received** by *each* of the following *no later than _____, 2024*:

*Court*:

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

*Co-Lead Counsel Representative*:

Theodore J. Pintar
ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*Defendants' Counsel Representative*:

Andrew J. Ehrlich
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation or Co-Lead Counsel's request for an award of attorneys' fees and expenses. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other

33

action to indicate their approval.

**20.      What's the Difference Between Objecting and Excluding?**

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FINAL APPROVAL HEARING**

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

**21.      When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a final approval hearing at __:___ _.m., on _____, 2024, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois. At this hearing the Court will consider, among other things, whether the Settlement is fair, reasonable, and adequate; whether to approve the proposed Plan of Allocation; and whether to grant Co-Lead Counsel's Fee and Expense Application.[11] The Court may move the date or time of the final approval hearing to a later date and/or time without further written notice to you. If the date or time of the hearing is changed, the new date and/or time will be posted at www._____.com. If there are objections, the Court will consider them. Judge Cummings will listen to people who have asked to speak at the hearing. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

---

[11] The motion papers in support of approval of the Settlement, the Plan of Allocation, and Co-Lead Counsel's fee and expense application will be filed with the Court no later than _____, 2024, and posted on the Settlement website www_____.com.

**22.     Do I Have to Come to the Final Approval Hearing?**

No. Co-Lead Counsel will answer any questions Judge Cummings may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to the hearing to talk about it. As long as you submit your written objection on time and with the required information, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**23.     May I Speak at the Final Approval Hearing?**

If you have timely and validly filed an objection by providing the information identified in Question 19, above, you may ask the Court for permission to speak at the final approval hearing. To do so, you must file a notice of appearance with the Court and serve it on Co-Lead Counsel and on Defendants' Counsel at the addresses set forth in Question 19 above so that it is received *no later than _____, 2024*. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

**24.     What Happens If I Do Nothing at All?**

If you do nothing, you will still be a Settlement Class Member. However, you will not receive any money from the Settlement unless you submit a Claim Form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the Released Plaintiffs' Claims.

## GETTING MORE INFORMATION

**25.     Are There More Details About the Settlement?**

This Notice summarizes the proposed Settlement and does not describe all of the details of the Settlement. More details are in the Stipulation. You can obtain a copy of the Stipulation and

35

other documents related to the Settlement, as well as additional information about the case, by visiting the website dedicated to the Settlement, www._____.com. You may also contact the Claims Administrator, JND Legal Administration, [Address], [Phone], [email]; or representatives of Co-Lead Counsel: Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, (800) 449-4900; or Christine M. Fox, Labaton Keller Sucharow LLP, 140 Broadway, New York, New York, 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

You can also obtain information and documents about the Settlement and case from the Clerk's office at the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, during regular business hours. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's online Case Management/Electronic Case Files System at https://www.pacer.gov. **Do not call the Court or Defendants with questions about the Settlement or this Notice.**

### SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

The Court has ordered that if you purchased/acquired any Oak Street Health common stock (CUSIP No. 67181A107) from August 6, 2020 through November 8, 2021, inclusive (including in the IPO, the December SPO, or February SPO), as nominee for a beneficial owner, then, within seven (7) calendar days after you receive this Notice, you must either: (1) request copies of this Notice Packet from the Claims Administrator and then, within seven (7) calendar days, mail by First Class Mail or email the Notice Packet to such beneficial owners; or (2) provide a list of the names, addresses, and emails (if available) of such beneficial owners to the Claims Administrator at:

*Oak Street Health Securities Settlement*
c/o JND Claims Administration
[insert address, email, phone]

If you choose to mail the Notice Packet to such beneficial owners, you must also send a statement to the Claims Administrator confirming that the mailing was made and must retain mailing records for use in connection with any further notices that may be provided in the Action. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed by the Claims Administrator, you may obtain reimbursement for reasonable out-of-pocket expenses, of up to $0.03 per name/address provided and up to $0.03 per mailing, plus postage at the Claims Administrator's rate for bulk mailings, incurred in connection with providing notice to beneficial owners who are Settlement Class Members, which expenses would not have been incurred but for the obligation to send such notice, upon submission of appropriate documentation to the Claims Administrator. If you do not intend to comply with the provisions of this section, you are requested to notify the Claims Administrator of that fact. Properly documented expenses incurred by nominees in compliance with these terms shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

DATED: _____          _____
                                        BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF ILLINOIS

37