# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD T. ALLISON, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-00149 |
| Plaintiff, | CLASS ACTION |
| | Judge Jeffrey I. Cummings |
| vs. | |
| OAK STREET HEALTH, INC., et al., | |
| Defendants. | |

**DECLARATION OF JOSEPH SAMOLEWICZ IN SUPPORT OF LEAD PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF SETTLEMENT**

I, JOSEPH SAMOLEWICZ, Administrator of the Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan ("CPTPF Benefit Plan") and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 ("CPTPF Retirement Plan") (collectively, the "Pension Fund") respectfully submit this declaration in support of Lead Plaintiffs' motion for final approval of the Settlement. The following facts are true and correct to my knowledge, and if called upon to testify, I could and would testify competently thereto.

1.      As Administrator of the Pension Fund, I participate in and oversee decisions regarding the administration of the Pension Fund. I am authorized to sign this declaration on behalf of the Pension Fund.

2.      The CPTPF Benefit Plan is a multiemployer defined benefit pension plan with over $1.2 billion in investments that it oversees for the benefit of more than 27,000 participants and their beneficiaries. The CPTPF Retirement Plan is a multiemployer defined contribution pension plan with over $900 million in investments that it oversees for the benefit of more than 9,000 participants and their beneficiaries.

3.      The Pension Fund understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors and others with meaningful losses to direct securities class actions. In its capacity as one of the Lead Plaintiffs, the Pension Fund understands its duty to serve the interests of the Settlement Class by supervising the management and prosecution of the Action.

4.      After being appointed a Lead Plaintiff by the Court on March 25, 2022 (ECF 30), the Pension Fund took an active role in this case as one of the Lead Plaintiffs to ensure the interests of the Pension Fund, Boston Retirement System, additionally named plaintiff City of Dearborn Police & Fire Revised Retirement System, and absent Settlement Class Members were protected. The Pension Fund actively oversaw the prosecution of this case by staying fully informed regarding case developments

and procedural matters over the course of the Action, including engagement with Lead Counsel concerning litigation strategy. Among other things, for example, the Pension Fund has: (a) received periodic written updates and other correspondence from counsel regarding the case; (b) reviewed and discussed with counsel the filing of significant pleadings and briefs, the service and progress of discovery, the issuance of court orders, and other case developments; (c) searched for, collected, and produced documents responsive to Defendants' document requests; (d) reviewed and responded to Defendants' written discovery requests; (e) prepared for and gave deposition testimony in connection with Lead Plaintiffs' motion for class certification; (f) consulted with Lead Counsel regarding settlement strategy, including the relative strengths of the case and its settlement value; and (g) remained informed about the settlement negotiations and the mediator's proposal that resulted in the Settlement.

5.       The Pension Fund and its counsel evaluated the significant risks and uncertainties of continued litigation, including the possibility of a nominal recovery or even no recovery at all, and authorized Lead Counsel to settle this Action, in accordance with the mediator's proposal, for $60,000,000. The Pension Fund is conscious of the possibility of losing at summary judgment or trial and that, even if it were to prevail, Defendants likely would appeal, rendering any ultimate recovery for Settlement Class Members still years away. The Pension Fund believes that the Settlement is fair and reasonable, represents a very good recovery, and is in the best interests of Settlement Class Members.

6.       While the Pension Fund recognizes that any determination of attorneys' fees and expenses is left to the Court, the Pension Fund believes that Lead Counsel's request for attorneys' fees of 29% of the Settlement Amount and expenses not to exceed $1,000,000, plus interest on both amounts, is fair and reasonable. Lead Counsel assumed substantial financial risk by litigating this

case on a contingent fee basis, and this Settlement would not have been possible without their diligent and aggressive prosecutorial efforts.

7. The Pension Fund further understands that the Court may grant a class representative's request for an award pursuant to 15 U.S.C. §78u-4(a)(4). Based on a review of the various tasks conducted in the case, the Pension Fund has estimated that its staff devoted 43 hours to the prosecution of this action, which is time that the Pension Fund staff would have otherwise spent on the daily activities of the Pension Fund. The time spent was directly related to the Pension Fund's involvement in the Action, including time spent by me and members of my staff, on: (a) consulting with Lead Counsel and the Pension Fund's counsel regarding the Action and case developments; (b) reviewing and discussing filings, correspondence, status reports from Lead Counsel; (c) responding to written discovery and searching for, collecting, and preparing documents for production; (d) preparing a representative of the Pension Fund for and sitting for a deposition in connection with Lead Plaintiffs' motion for class certification; and (e) discussing litigation strategy and, ultimately, the settlement negotiations. Multiplying the 43 hours by hourly rates derived from the annual wages and benefits of the staff that performed such work for this Action would exceed $5,000.

8. In addition, the Pension Fund incurred an expense for this matter of $7,500, which amount was paid by the Pension Fund to outside fund counsel. Fund counsel has a long history of working with the Pension Fund, and the work performed by fund counsel for which the Pension Fund seeks reimbursement related to assisting us with responding to discovery requests, preparing for a deposition, and other matters directly related to the prosecution of this Action. In our view, fund counsel's hours were a reasonable and necessary expense directly related to the Pension Fund's services as Lead Plaintiff in this matter.

- 3 -

9.      Accordingly, the Pension Fund respectfully requests an award of $12,500 for both its time expended in the prosecution of the Action on behalf of the Settlement Class ($5,000) and the amount it paid to its counsel ($7,500).

10.     For all these reasons, and for those described in other documents that are being filed in connection with Lead Plaintiffs' motion for final approval of the Settlement, the Pension Fund respectfully requests that the Court grant final approval of the Settlement, approve Lead Counsel's motion for an award of attorneys' fees and expenses, and award the Pension Fund $12,500, pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class.

11.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of October, 2024, in Wyomissing, Pennsylvania.

_____
JOSEPH SAMOLEWICZ