# EXHIBIT 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

REGINALD T. ALLISON, Individually and on )    Case No. 1:22-cv-00149
Behalf of All Others Similarly Situated,      )
                                   )    **CLASS ACTION**
              Plaintiff,    )
                                     )    Judge Jeffrey I. Cummings
   vs.                                  )
                                     )
OAK STREET HEALTH, INC., et al.,      )
                                     )
             Defendants.    )
                                     )
_____ )

**DECLARATION OF CITY OF DEARBORN POLICE & FIRE REVISED RETIREMENT
SYSTEM IN SUPPORT OF APPROVAL OF PROPOSED SETTLEMENT AND
REQUEST FOR ATTORNEYS' FEES AND EXPENSES**

I, Robert Festerman, declare under penalty of perjury, pursuant to 28 U.S.C. §1746:

1.      I am the Pension Administrator for City of Dearborn Police & Fire Revised Retirement System ("Dearborn"), which is an additionally named plaintiff in the above-captioned securities class action (the "Action") and moved for appointment as a Class Representative together with Lead Plaintiffs Boston Retirement System, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 (collectively, "Plaintiffs"). I am authorized to make this declaration on behalf of Dearborn, have personal knowledge of the statements herein, and, if called as a witness, could competently testify about them.

2.      Dearborn is a governmental defined benefit plan with approximately $350 million in assets under management overseen for the benefit of more than 553 members and beneficiaries.

3.      I respectfully submit this declaration in connection with final approval of the proposed Settlement of the Action for $60,000,000 in cash, approval of the proposed Plan of Allocation for distributing the proceeds of the Settlement, and approval of Co-Lead Counsel's request for attorneys' fees and expenses. I also respectfully submit this declaration in support of Dearborn's request for an award, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(4) and §78u-4(a)(4), in connection with the time that Dearborn dedicated to the litigation on behalf of the proposed Settlement Class.

I.      **DEARBORN'S OVERSIGHT OF THE ACTION**

4.      On May 25, 2022, Dearborn joined the prosecution of the Action and was added as a named plaintiff to Lead Plaintiffs' Complaint for Violations of the Federal Securities Laws. On December 15, 2023, Plaintiffs filed a Motion for Class Certification seeking to certify a class,

appointment of Plaintiffs as Class Representatives, and Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) and Robbins Geller Rudman & Dowd LLP as Co-Lead Counsel.

5. In fulfillment of its responsibilities as a named plaintiff and proposed class representative, Deaborn has undertaken to diligently perform its role on behalf of all members of the Settlement Class and to pursue a favorable result in this Action. Dearborn has, through the direct involvement of myself and others, conferred regularly with counsel concerning issues of law and fact, and the overall strategies for the prosecution of the Action, through various phone calls, in-person meetings, and emails. We, among other things: (i) assisted counsel in the collection and retention of relevant documents in the possession, custody and control of Dearborn related to the Action; (ii) completed certifications and declarations in support of case filings; (iii) received and reviewed material court filings, in both draft and final form, including complaints, the briefing for defendants' motion to dismiss, and our motion to certify the class; and (iv) assisted with responding to discovery requests, including producing documents and preparing and sitting for a deposition.

6. Dearborn, through me, was consulted over the course of the settlement discussions with defendants. I personally attended the mediation in Los Angeles, CA on March 12, 2024. Ultimately, I was authorized by Dearborn to give counsel settlement authority and approved the Settlement.

## II. DEARBORN ENDORSES APPROVAL OF THE SETTLEMENT BY THE COURT

7. As part of its oversight, Dearborn has taken very seriously its fiduciary obligations to maximize the Settlement Class's recovery from the Action. Based on its involvement during the prosecution and resolution of the Action, Dearborn believes that the proposed Settlement is eminently fair, reasonable, and adequate. It also believes that the Settlement represents a significant recovery for the Settlement Class, particularly in light of the

difficulties and obstacles to a larger recovery had the litigation continued, including the challenges of proving materially false and misleading statements or omissions, scienter, and loss causation and damages, as well as defeating defendants' defenses, including investor knowledge, and the likely length of continued litigation and appeals. Therefore, Dearborn strongly endorses approval of the Settlement by the Court.

### III. DEARBORN SUPPORTS CO-LEAD COUNSEL'S REQUEST FOR ATTORNEYS' FEES AND PAYMENT OF EXPENSES

8.     Dearborn has also considered Co-Lead Counsel's request, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees in the amount of 29% of the Settlement Fund. Dearborn believes that a fee of 29% of the Settlement Fund is fair and reasonable under the circumstances of this case. Dearborn has evaluated Co-Lead Counsel's request based on the contingent nature of the representation, the substantial effort required to litigate this complex and difficult case to date, and the sizable recovery achieved. We also believe that the litigation expenses to be requested, which will not be greater than $1 million, are reasonable and represent the costs and expenses that were necessary for the prosecution and resolution of this complex case.

9.     Dearborn understands that reimbursement of a representative plaintiff's costs and expenses in connection with their representation of a class, including lost wages, is authorized under the PSLRA. For this reason, in connection with Co-Lead Counsel's request for expenses, Dearborn is seeking reimbursement for the time I, and others at Dearborn, dedicated to the prosecution of the Action, which was time that we otherwise would have dedicated to our regular duties at Dearborn and thus represents a cost to Dearborn.

10.     During the course of this litigation, I have been the primary representative responsible for monitoring and participating in the litigation efforts, as described above. Based on a review of the various tasks conducted in the case, Dearborn has conservatively estimated that we have devoted approximately fifty-one [51] hours to the prosecution of the Action.

- 4 -

Multiplying the 51 hours by hourly rates derived from the annual wages and benefits of the staff that performed the work results in a request of $2,805.00 for the time that Dearborn dedicated to this case.

11.     Given Dearborn's substantial participation in this litigation on behalf of the Settlement Class, Dearborn respectfully requests reimbursement of $2,805.00 for these efforts.

## IV.     CONCLUSION

12.     Dearborn, a named plaintiff and proposed class representative that was closely involved during the course of the Action, endorses the Settlement as fair, reasonable and adequate, and believes it represents a very favorable recovery for the Settlement Class. It further supports Co-Lead Counsel's request for attorneys' fees and expenses, and believes that the requests represent fair and reasonable compensation for counsel in light of the significant work performed, the recovery obtained for the Settlement Class, the risks and complexities faced by counsel, and the complexity of the case.

13.     Accordingly, Dearborn respectfully requests that the Court approve: (a) Lead Plaintiffs' motion for final approval of the proposed Settlement and plan of allocation; and (b) Co-Lead Counsel's request for an award of attorneys' fees, payment of litigation expenses, and reimbursement of Dearborn's expenses.

I declare under penalty of perjury that the foregoing is true and correct, and that I have authority to execute this Declaration on behalf of City of Dearborn Police & Fire Revised Retirement System.

Executed on this the _9th_ day of November, 2024.

ROBERT FESTERMAN

- 5 -