UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD T. ALLISON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OAK STREET HEALTH, INC., et al.,<br><br>Defendants. | Case No. 1:22-cv-00149<br><br>CLASS ACTION<br><br>Judge Jeffrey I. Cummings |

REPLY IN FURTHER SUPPORT OF (1) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (2) CO-LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO PLAINTIFFS PURSUANT TO THE PSLRA

4907-1391-3345.v1

Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund - Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987, and Boston Retirement System (collectively, "Lead Plaintiffs"), and additionally named plaintiff City of Dearborn Police & Fire Revised Retirement System (together with Lead Plaintiffs, "Plaintiffs"), submit this reply memorandum in further support of (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation (ECF No. 185) and (ii) Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to the PSLRA (ECF No. 187) (the "Motions").[1]

## I. PRELIMINARY STATEMENT

In the Motions, Plaintiffs moved for final approval of the $60 million all-cash Settlement, the Plan of Allocation, an award of attorneys' fees and expenses, and awards to Plaintiffs pursuant to the PSLRA. ECF Nos. 185, 187. The Court-approved Notice has been sent to Settlement Class Members, advising them of their ability to object to Plaintiffs' and Co-Lead Counsel's requests. Not a single Settlement Class Member has objected to the proposed Settlement or Plan of Allocation. And, there has likewise been no objection to Co-Lead Counsel's fee and expense requests or to the requested awards to Plaintiffs. This positive reaction confirms that the Settlement and requested fees are fair and reasonable, and that they not only have the support of Plaintiffs, but also of the Settlement Class.

More specifically, pursuant to the Court's Order Preliminarily Approving Class Action Settlement and Providing for Notice ("Notice Order") (ECF No. 184), a total of 31,823 notice packets have been mailed to potential Settlement Class Members or their nominees. *See* Supplemental Declaration of Luiggy Segura Regarding: (A) Dissemination of the Notice Packet; (B)

---

[1]   All capitalized terms not otherwise defined herein have the same meaning as those in the Stipulation and Agreement of Settlement, dated August 13, 2024, ECF No. 174 (the "Stipulation").

- 1 -

4907-1391-3345.v1

Update on Call Center Services and Settlement Website; (C) Requests for Exclusion Received; and (D) Claims Received to Date, dated December 5, 2024, ¶¶2-3, filed herewith ("Supp. Mailing Decl."). The November 21, 2024 deadline for objections has passed. There have been ***no objections*** to any aspect of the $60 million all-cash Settlement, the proposed Plan of Allocation, Co-Lead Counsel's fee and expense requests, or the proposed awards to Plaintiffs. In addition, ***no requests*** for exclusion have been received. This positive reaction of the Settlement Class confirms that, as set forth in Lead Plaintiffs' opening briefs (ECF No. 186, "Settlement Brief" and ECF No. 188, "Fee Brief"), the Settlement, the Plan of Allocation, the requested fee and expense awards, and Plaintiffs' awards are fair and reasonable and should be approved. *Cf. In re: Sears, Roebuck & Co. Front-Loading Washer Prods. Liab. Litig.*, 2016 WL 772785, at *11 (N.D. Ill. Feb. 29, 2016) (Rowland, J.) (holding that where three class members objected and 59 class members chose to opt out, "[t]he small number of class members who objected or opted out further supports the fairness and reasonableness of the settlement").

For the reasons set forth herein and in the Settlement Brief, Fee Brief, and previously-filed declarations, Plaintiffs and Co-Lead Counsel respectfully request that the Court grant the Motions in their entirety.

## II. THE REACTION OF THE SETTLEMENT CLASS SUPPORTS FINAL APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUEST FOR ATTORNEYS' FEES AND EXPENSES

The reaction of the Settlement Class is a significant factor in assessing the reasonableness of the Settlement and the fee and expense requests. *See, e.g.*, *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (affirming approval of settlement and instructing district courts to consider "the reaction of members of the class to the settlement"). In particular, the Seventh Circuit has recognized that in securities class actions like this one, the class includes large institutional investors with "fiduciary duties to protect the beneficiaries" and incentive to object to fee awards if the

- 2 -

4907-1391-3345.v1

requests are not fair and reasonable. *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 959 (7th Cir. 2013) (affirming fee award).

As noted, the Claims Administrator has mailed 31,823 copies of the notice packet to potential Settlement Class Members or their nominees. *See* Supp. Mailing Decl., ¶¶2-3. The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Co-Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 29% of the Settlement Amount, payment of litigation expenses in an amount not to exceed $1,000,000 (larger than the amount actually being requested) and Plaintiffs' awards pursuant to the PSLRA not to exceed $40,000 (also larger than the amount actually being requested). The Notice also apprised Settlement Class Members of their right to object to the requests, by November 21, 2024.

In addition, as ordered by the Court and consistent with common notice practice in these cases, copies of the Notice, Proof of Claim, Stipulation, Notice Order, and other case-related documents were posted on a website created for the Settlement, www.OakStreetHealthSecuritiesSettlement.com. *See, e.g.*, Notice Order, ¶7(d). Further, on October 16, 2024, the Claims Administrator published the Summary Notice in *The Wall Street Journal* and released it over the internet via *PR Newswire* (*see id.*, ¶7(c)), informing readers of the proposed Settlement, how to obtain copies of the notice packet, and the deadlines for the submission of Claim Forms, objections, and exclusion requests. On November 7, 2024, pursuant to the schedule approved by the Court in the Notice Order, Plaintiffs and Co-Lead Counsel filed their opening papers in support of the Motions. Those papers – which are available on the public docket (*see* ECF Nos. 185 through 189) and the Settlement website – describe Lead Plaintiffs' and Co-Lead Counsel's views of the Settlement, work performed in the litigation, the strengths and weaknesses of the claims, and the fee and expense request.

4907-1391-3345.v1

Following this extensive notice program, no Settlement Class Member objected to any aspect of the Settlement or Plan of Allocation, or to Co-Lead Counsel's request for an award of attorneys' fees, payment of litigation expenses, and issuance of Plaintiffs' awards. This positive reaction confirms that the Motions should be approved, particularly since the Settlement Class includes sophisticated institutional investors. *See, e.g.*, *Motorola*, 739 F.3d at 959 (affirming fee request and finding that lack of objection by any institutional investor weighed in favor of reasonableness of fee); *Accretive Health*, 773 F.3d at 863 (affirming final approval of settlement over single individual objector); *Arango v. Landry's, Inc.*, 2015 WL 5673878, at *2 (N.D. Ill. Aug. 27, 2015) (St. Eve, J.) ("No objections to the Settlement were made by the Class Members, and this fact likewise supports approval."). Similarly, no Member of the Settlement Class has requested exclusion, further reflecting the Settlement Class's support. *See* Supp. Mailing Decl., ¶6; *see also Sears, Roebuck & Co.*, 2016 WL 772785, at *11 (fact that only 59 class members chose to opt out supported settlement approval); *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011) (Dow, J.) (approving settlement where "only 342 Class Members excluded themselves from the settlement and only 15 Class Members submitted documents that could be considered objections").

## III. CONCLUSION

For the reasons set forth above and in the November 7, 2024 submissions, Plaintiffs and Co-Lead Counsel respectfully request that the Court enter the (i) proposed Final Judgment Approving Settlement; (ii) proposed Order Approving Plan of Allocation; and (iii) proposed Order Awarding Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to the PSLRA.

- 4 -

DATED: December 5, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
CAMERAN M. GILLIAM (IL Bar # 6332723)


                          /s/ James E. Barz
                          JAMES E. BARZ

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
cgilliam@rgrdlaw.com

*Counsel for Central Pennsylvania Teamsters
Pension Fund – Defined Benefit Plan and Central
Pennsylvania Teamsters Pension Fund –
Retirement Income Plan 1987 and Co-Lead
Counsel for the Class*

DATED: December 5, 2024

LABATON KELLER SUCHAROW LLP
CAROL C. VILLEGAS (*pro hac vice*)
CHRISTINE M. FOX (*pro hac vice*)
JAMES M. FEE (*pro hac vice*)


                          /s/ Christine M. Fox
                          CHRISTINE M. FOX

140 Broadway, 34th Floor
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
cfox@labaton.com
jfee@labaton.com
cvillegas@labaton.com

*Counsel for Boston Retirement System and City of
Dearborn Police & Fire Revised Retirement
System, and Co-Lead Counsel for the Class*

- 5 -

4907-1391-3345.v1

- 6 -

LAW OFFICE OF RACINE & ASSOCIATES
MARIE T. RACINE
1001 Woodward Avenue, Suite 1100
Detroit, MI  48226
Telephone:  313/961-8930
313/961-8945 (fax)
mracine@racinelaw.us

*Additional Counsel for City of Dearborn Police &*
*Fire Revised Retirement System*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify under penalty of perjury that on December 5, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to all counsel of record.

*/s/ James E. Barz*
JAMES E. BARZ