UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD T. ALLISON, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>OAK STREET HEALTH, INC., et al.,<br><br>    Defendants. | Case No. 1:22-cv-00149<br><br><u>CLASS ACTION</u><br><br>Judge Jeffrey I. Cummings |

<u>FINAL JUDGMENT APPROVING SETTLEMENT</u>

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated September 19, 2024, on the application of the Parties for approval of the settlement set forth in the Stipulation and Agreement of Settlement, dated August 13, 2024 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. All defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

2. This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, and over all Parties to the Action, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for settlement purposes only, a Settlement Class defined as: all persons and entities who or which purchased or otherwise acquired the publicly traded common stock of Oak Street Health during the period from August 6, 2020 through November 8, 2021, both dates inclusive (the "Class Period"), including those who purchased shares of Oak Street Health common stock pursuant to or traceable to the registration statements and prospectuses issued in connection with Oak Street Health's initial public offering on August 6, 2020, its December 2, 2020 secondary public offering, and its February 10, 2021 secondary public offering, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer or director of Oak Street Health, GA, Newlight, or Humana, Inc. during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had

a controlling interest; (v) Oak Street Health's employee retirement and employee benefit plan(s); (vi) Humana, Inc.; and (vii) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any excluded person. Any "Investment Vehicle" shall not be excluded from the Settlement Class.

4. Pursuant to Rule 23, and for purposes of settlement only, the Court hereby affirms its determination in the Notice Order and finally certifies Plaintiffs as Class Representatives, and finally appoints the law firms of Robbins Geller Rudman & Dowd LLP and Labaton Keller Sucharow LLP as Class Counsel.

5. There have been no objections to the Settlement.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (i) Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class; (ii) the proposal was negotiated at arm's-length; (iii) the relief provided for the Settlement Class is adequate, having taken into account (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (c) the terms of any proposed award of attorneys' fees, including timing of payment; and (d) any agreement required to be identified under Rule 23(e)(2); and (iv) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

7. The Parties are directed to consummate the Settlement pursuant to the terms of the Stipulation.

8.     The Court hereby dismisses the Action and the Complaint with prejudice, without costs as to any of the Released Parties, except as and to the extent provided in the Stipulation and herein.

9.     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Order, pursuant to their terms.

10.    Upon the Effective Date of the Settlement, Plaintiffs, each of the Settlement Class Members (who have not validly opted out of the Settlement Class) and their respective Related Parties, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, and discharged against the Released Defendant Parties (whether or not such Settlement Class Members execute and deliver Proof of Claim forms) any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims).  Claims to enforce the Settlement are not released.

11.    Upon the Effective Date of the Settlement, Plaintiffs and each of the Settlement Class Members (who have not validly opted out of the Settlement Class) and their respective Related Parties, in their capacities as such, shall be permanently barred and enjoined from the direct or indirect assertion, institution, maintenance, prosecution, or enforcement against any Released Defendant Parties, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims).

12.    Upon the Effective Date of the Settlement, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and the other Released Plaintiff Parties from all Released Defendants' Claims (including Unknown Claims), and shall be permanently barred and enjoined from the direct or indirect assertion,

institution, maintenance, prosecution, or enforcement against any Released Plaintiff Parties, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Defendants' Claims (including, without limitation, Unknown Claims). Claims to enforce the Settlement are not released.

13. Upon the Effective Date of the Settlement, any and all claims for contribution, however denominated, based upon or arising out of the Released Plaintiffs' Claims (a) by any person or entity against any of the Released Defendant Parties; or (b) by any of the Released Defendant Parties against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by 15 U.S.C. §78u-f(f)(7) or any other law.

14. The Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Notice") given to the Settlement Class in accordance with the Notice Order entered on September 19, 2024 was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

15. The Court finds, pursuant to the Private Securities Litigation Reform Act of 1995, that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. Neither this Judgment nor the Stipulation, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation approved by the Court), nor any act

performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, including the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, Stipulation, and/or approval the Settlement (including any arguments proffered in connection therewith): (a) shall be offered or received against any Released Defendant Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Defendant Party of the truth of any allegations by Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Released Parties or in any way referred to for any other reason as against any of the Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Judgment; or (b) shall be offered or received against any Released Defendant Party as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against Plaintiffs or any Releasing Plaintiff Party as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class; (c) shall be offered or received against any Released Defendant Party as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, in any other civil, criminal, or administrative action or proceeding; provided, however, that the Released Parties may refer to this Judgment to effectuate the releases granted them hereunder; or (d) shall be construed against Defendants, Plaintiffs, or the Settlement Class as evidence of a presumption, concession or admission that the consideration to be given

hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than the Settlement. The Released Parties may file this Judgment in any action that has been or may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate the protections from liability granted hereunder or otherwise enforce the terms of the Settlement.

17. The Court shall retain jurisdiction for the purposes of enforcing the terms of this Judgment. Except as necessary to enforce the terms of this Judgment, this case is hereby dismissed with prejudice.

18. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks to obtain a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

19. The Claims Administrator shall administer the claims administration process, including the calculation of claims and distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Stipulation, Notice Order, and Court-approved Plan of Allocation. Co-Lead Counsel may, in their discretion, accept for processing late-submitted claims, so long as the distribution of the Net Settlement Fund is not materially delayed.

20. As set forth in the Stipulation, the Claims Administrator, under the supervision of Co-Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements in the

notification. If any Claimant whose timely claim has been rejected in whole or in part for curable deficiency, desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the mailing of the notification, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, the Claims Administrator will advise the Settlement Class Member of his, her, or its right to move this Court within twenty (20) days to have the claim accepted by Co-Lead Counsel and the Claims Administrator.

21. In the event that the Effective Date of the Settlement does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be vacated.

22. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23. Any plan of allocation submitted by Plaintiffs or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

24. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: December 12, 2024      _____
         THE HONORABLE JEFFREY I. CUMMINGS
         UNITED STATES DISTRICT JUDGE