UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD T. ALLISON, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>   vs.<br><br>OAK STREET HEALTH, INC., et al.,<br><br>             Defendants. | Case No. 1:22-cv-00149<br><br>CLASS ACTION<br><br>Judge Jeffrey I. Cummings |

ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARDS TO
PLAINTIFFS PURSUANT TO THE PSLRA

This matter came before the Court for hearing on December 12, 2024 (the "Final Approval Hearing") on Co-Lead Counsel's motion for an award of attorneys' fees and payment of expenses (the "Fee Motion"). ECF No. 187. The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses, requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated August 13, 2024, ECF No. 174 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all Parties to the Action, including each of the Settlement Class Members.

3. Notice of the Fee Motion was given to all Settlement Class Members who could be located with reasonable effort. The form and method of notifying the Settlement Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

- 1 -

4.     Co-Lead Counsel are hereby awarded attorneys' fees of 29% of the Settlement Amount, plus interest at the same rate earned by the Settlement Fund, and payment of litigation expenses in the amount of $888,947.35, plus accrued interest, which sums the Court finds to be fair and reasonable.

5.     Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 ("CPTPF Plans") is awarded $12,500, Boston Retirement System is awarded $6,000, and the City of Dearborn Police & Fire Revised Retirement System is awarded $2,805, pursuant to 15 U.S.C. §77z-1(a)(4) and 15 U.S.C. §78u-4(a)(4), related to their representation of the Settlement Class.

6.     The award of attorneys' fees and expenses shall be paid to Co-Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

7.     In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Seventh Circuit and found that:

(a)     The Settlement has created a fund of $60,000,000 in cash, pursuant to the terms of the Stipulation, and Settlement Class Members will benefit from the Settlement created by the efforts of Co-Lead Counsel;

(b)     The fee sought by Co-Lead Counsel has been reviewed and approved as reasonable by the Plaintiffs, who were directly involved in the prosecution and resolution of the Action and who have substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)     The amount of attorneys' fees awarded hereby are fair and reasonable and are consistent with fee awards approved in cases within the Seventh Circuit with similar recoveries;

(d)     Co-Lead Counsel have conducted the Action and achieved the Settlement with skill, perseverance, and diligent advocacy and is highly experienced in the field of securities class action litigation;

(e)     Co-Lead Counsel expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

(f)     Co-Lead Counsel pursued the Action on a contingent basis;

(g)     The claims against the Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(h)     The efforts of Co-Lead Counsel resulted in an all-cash settlement at a stage in the proceedings that will permit Settlement Class Members to benefit from the recovery without further delay or expense; and

(i)     over 31,800 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed 29% of the Settlement Amount and expenses in an amount not to exceed $1,000,000, plus interest on such fees and expenses, and no objections to the fees or expenses were filed by Settlement Class Members.

8.     Any appeal or any challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

9.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

- 3 -

- 4 -

10.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED:  December 12, 2024

_____
THE HONORABLE JEFFREY I. CUMMINGS
UNITED STATES DISTRICT JUDGE

- 4 -